STATE et al. v. GLASS et al.

No. 11441.

Court of Civil Appeals of Texas. Galveston.

Dec. 10, 1942.

Rehearings Denied Jan. 7, 1943.

Gerald C. Mann, Atty. Gen., and Douglas E. Bergman, Alfred F. Herbelin, Geo. W. Barcus, and Ocie Speer, Asst. Attys. Gen., for appellants.

Dan W. Jackson, Conrad J. Landram, Lewis & Knipp, and Ernest A. Knipp, all of Houston, for appellee Harris County.

Elbert Roberts, of Houston, for appellee Jim H. Glass, etc.

GRAVES, Justice.

Jim H. Glass, as Tax Assessor and Collector of Harris County, filed this suit, in the nature of a bill of interpleader, both against Harris County (its Commissioners Court and County Auditor) and the Texas Highway Department (its State Highway Commissioners and Engineer)—the County, on the one hand, and the Highway Department, on the other, being the real parties at interest—to have determined whatever rights either or both had to a total fund of $33,673.50 he then had in his hands, derived from his having retained—in administering that statute—25 cents or one-half of the 50 cents fee provided for in Vernon's Penal Code, Article 1436—1, Section 57, denominated therein as the "Certificate of Title Act."

These two main defendants answered, each claiming by way of cross-action—for its own—the fees in controversy; the County urging that they constituted fees-of-office of the Assessor and Collector, payable by him into the County's treasury, pursuant to the constitutional amendment and enabling-acts governing fees-of-office, hence he had rightfully retained the same as expressly authorized on the face of Section 57 of the law involved; whereas, the Highway Department, in turn, insisted that the whole of such fees belonged to it, in that the cited section plainly made the Assessor-Collector the mere "statutory agent" of itself to receive, hold, and deliver to it as its own the full amount of such fees.

The cause was tried before the 127th District Court of Harris County, sitting without a jury, and resulted in a judgment in favor of the County for the money, the court holding that the total sum constituted fees-of-office inuring to the Assessor-Collector in his official capacity and accountable as such by him to the County, that the Highway Department was entitled to no part thereof, and that the Assessor-Collector should recover "from the funds in hand" $1000 as an attorney's-fee for bringing and prosecuting the suit, chargeable as costs in the cause.

The Highway Department has appealed from the entire judgment, while the County complains here of only so much thereof as allowed and thus taxed the attorney's-fee.

The appellee Assessor-Collector defends the trial court's action on both features, contending that the fund involved, which, by an injunction issued against him prior to his suit herein, he had impounded in a bank to await the result of this proceeding, constituted fees of his office for which, as such, he had been required to account to the County, but further urging that the court had committed no error in allowing him the $1000 attorney's-fee, and taxing the same as costs in the cause.

The controlling question of law presented here seems to be this: Whether—under a correct construction of such Section 57—the fund in controversy was properly so held to constitute fees-of-office for which the Assessor-Collector was accountable to Harris County, or whether it should have been held to have been collected by him merely as "the statutory agent" of the Highway Department to which it belonged exclusively, and therefore was not controlled by the provisions of the fee-statutes, as the trial court found it to be.

The respective findings, as made below, deemed most material to that inquiry are these:

"(3) I find that this suit involves the correct accounting for and disposition of the twenty-five cent fee retained by the Assessor and Collector of Taxes under Section 57 of the 'Certificate of Title Act', Acts 1939, 46th Leg., page 602, as amended by Acts 1941, 47th Leg., House Bill 205, p. 345, par. 6, Art. 1436—1, § 57, Vernon's Annotated Penal Code.

"(5) I find that the said Jim H. Glass paid into the general fund of Harris County the total collections for May, 1941, and June, 1941, accounting for such sums in the same manner as other 'fees, commissions, and compensations', the collections for May being $1,413.50, and for June $3,657.

"(6) I find that since July 1, 1941, the said Jim H. Glass has impounded such fees in the county depository, and that the aggregate collections so impounded from July, 1941, to March, 1942, are $33,673.50.

"(7) I find that during the period in question, the said Jim H. Glass has had one hundred regular deputies employed in

his office, and that of these, fifteen were regularly employed in the Certificate of Title division.

"(11) I find that from time to time, as the exigencies of the office required, the said Glass used a large number of others of the regular deputies in his office in the discharge of work in the automobile department, and that such deputies are shifted from one department to another as the press of work in the particular department requires.

"(12) I find that no accurate record has been kept of the expenses directly chargeable to the issuance of Certificates of Title, and the administration of the Certificate of Title Act, but further find that the budget for the Assessor and Collector of Taxes for the calender year, 1941, is $220,417.40, and that such budget of expenses of that office includes salary of deputies; office supplies; stationery, postage, blueprints, some public utility service, property and equipment for said office, and insurance, and cost of repairs to property and equipment used in the office, but that the cost of heating, lights, gas, insurance on the courthouse, repairs, and maintenance of the building, are not included as items of expense of office in the Assessor and Collector's budget.

"(13) I find that, figured upon a per centage basis, based upon the number of deputies in the office, the cost of administering the Certificate of Title Act in Harris County equals or exceeds the 25¢ retained by the Assessor & Collector out of the Certificate of Title fees.

"(15) I further find that the Assessor and Collector of Taxes, acting in accordance with a ruling of the Attorney General, has regularly accounted for and paid over as fees of office into the County depository all fees collected by him under the provisions of Art. 6675a—11, Vernon's Annotated Civil Statutes, Acts 1929, 41st Leg., 2nd C.S., page 172, Chap. 88, Sec. 11.

"(18) I find that it has been the practice of the Assessor and Collector of Taxes of Harris County to pay all fees, costs, compensation, and other funds collected by him into the general fund of Harris County, including the fee in dispute, and that all salaries and expenses of maintaining his office has been paid out of the general fund (there being excepted, of course, the

funds impounded in the amount of $33,365, above mentioned), and I find that this method of handling the fees and expenses is in accordance with subsection (i), Sec. 19, Chap. 465, Acts 44th Leg., 2nd C.S., p. 1762, 1779 (Art. 3912e, Sec. 19, subsection (i), and the order of the Commissioners' Court of Harris County made under the authority of said subsection.

"Conclusions.

"(1) I conclude as a matter of law that no intention is shown upon the part of the Legislature, by the language of the amendment of Sec. 57, of the Certificate of Title Act, to require the Assessor and Collector of Taxes to account to the State Highway Department for any surplus which might remain in his hands from the 25¢ fee retained by him, and that it was the intention of the Legislature that such fee should constitute a fee of office, or official compensation, of the Assessor and Collector.

"(2) I conclude that such compensation of the Assessor and Collector should be accounted for in the same manner as other fees, commissions, and compensations of his office.

"(3) I further conclude that the Assessor and Collector of Taxes of Harris County, in discharging the duties required of him under the Certificate of Title Act. is not discharging any duties pertaining to any separate agency or office, but that all such duties required of him are merely duties added by the statute to the office of Assessor and Collector of Taxes; and I further conclude that the discharge of such duties is by him as the Assessor and Collector of Taxes, and not as any independent officer, acting under the direction and control of the State Highway Department.

"(4) I further conclude that the sentence in Sec. 61, Art. 16, of the State Constitution, Vernon's Ann.St., reading: 'All fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund', indicates an intention that all fees of every character collected by a county officer officially in counties having a population of twenty thousand or more shall become fees of office, and that the officer is limited to his salary as compensation, and any fees collected by him officially must be paid into the county depository as directed by the constitutional provision.

■ "(7) I further conclude that the Assessor and Collector was justified, under the facts, in filing his interpleader to determine the proper disposition of the funds."

Appellant Highway Department states four points for review, which are reducible to these three:

(1) That there was "no legally sufficient evidence to support such finding or findings that the cost of administering the 'Certificate of Title Act' in Harris County equals or exceeds the 25 cents retained by the Assessor and Collector";

(2) That amended Section 57 was improperly construed "as conferring no right upon the Highway Department to any surplus which might remain in the hands of the Tax Collector from the 25-cents fee retained by him";

(3) The allowance to the appellee of the attorney's fee—out of the fees so impounded by him—was without legal support, "such public funds not being chargeable with such counsel fees."

This court concludes that the judgment below was correct, except as to the allowance of the attorney's-fee to the appellee, out of the impounded funds, for his bringing and prosecution of this suit to have such rival claims to the funds in his hands adjudicated; it will, therefore, affirm the judgment in all other respects, but will reverse and here render the cause in so far as affects the attorney's-fee.

■ As the record makes plain, that fee was not only sought by the appellee himself, but was allowed by the court, as being similar to one in ordinary interpleader suits; whereas, as this court understands the law, those funds in the appellee's hands were, as both appellants appear to concede, public funds, hence—irrespective of which of the two were entitled to them—were not chargeable with such counsel fees, under well-settled authority with us. State v. Moore, 57 Tex. 307; Bryan v. Sundberg, 5 Tex. 418; Crosthwait, County Auditor, v. State, 135 Tex. 119, 138 S.W.2d 1060; Howard et ux. v. Henderson County, Tex. Civ.App., 116 S.W.2d 479, writ refused; Jeff Davis County v. Davis et al., Tex.Civ. App., 192 S.W. 291, writ refused.

Without further discussion upon that feature, it is, as indicated, held that this fund, whether belonging to the Highway Department or to Harris County, constituted public money, without the existence of any law authorizing its use for such a purpose, hence the ordinary principles of equity did not apply, and the allowance being so without statutory authority therefor was invalid and void. This result inevitably follows from the undisputed facts, it is thought, irrespective also of the evident good faith of the appellee in attempting, by himself instituting this suit for the purpose shown, to escape Scylla, on the one side as well as Charybdis, on the other, since, as the appellant-County concedes in its brief, "undoubtedly, if he had accounted for these funds to the County, the State would have filed suit against him and the sureties on his bond; and, equally without doubt, if he had accounted to the State Highway Department for the funds, the County would have been obliged to sue him and the sureties on his bond for the funds."

■ This for the flat reason that the clear statutory authority inhering in his office to incur such an expense did not exist; indeed, this statute itself, amended Section 57, under which he proceeded, as appears from its language, limited him exclusively to "expenses necessary to efficiently perform the duties set forth herein"—that plainly having to do with only the routine office—expenses necessary in efficiently carrying out the Legislature's purpose in imposing that duty upon the tax assessor and collector, which the amended Act itself expressly recited to be: "to lessen and prevent the theft of motor vehicles and the importation into this State of, and traffic in, stolen motor vehicles, and the sale of encumbered motor vehicles without the enforced disclosure to the purchaser of any and all liens for which any such motor vehicle stands as security." Section 1.

■ The Department's claim, however, that amended Section 57 constituted the Assessor-Collector merely its "statutory agent" to receive and deliver the disputed fees to itself has, it seems to this court, no justification; rather, it is thought to carry a directly contrary meaning, its verbiage being this:

"Sec. 57. Each applicant for a certificate of title or reissuance thereof shall pay to the designated agent the sum of Fifty (50) Cents of which Twenty-five (25) Cents shall be retained by the designated agent from which he shall be entitled to sufficient money to pay expenses necessary

to efficiently perform the duties set forth herein, and the remaining Twenty-five (25) Cents shall be forwarded to the Department for deposit to the State Highway Fund, together with the application for certificate of title within twenty-four (24) hours after same has been received by said designated agent, from which fees the Department shall be entitled to and shall use sufficient money to pay all expenses necessary to efficiently administer and perform the duties set forth herein, and there is hereby appropriated to the Department all of such fees for salaries, traveling expense, stationery, postage, contingent expense, and all other expenses necessary to administer this Act through the biennium ending August 31, 1943."

In the first place, that re-enactment, passed in 1941, was itself a mere amendment in specified particulars of the "Certificate of Title Act", passed two years before in 1939, the original Act, of course, in the absence of any contrary expression, remaining in force, except as so expressly amended by the 1941 provisions.

The Department also loses sight of the fact that amended Section 57 in nowise changes what "a designated agent" was, as defined by the then still-existing Section 26 of the 1939 Act, which was this:

"Sec. 26. The term 'Designated Agent' means each County Tax Collector in this State who may perform his duties under this Act through any regular deputy."

Nowhere does the appellant-department cite any authority for changing that expressed intent of the Legislature, nor has this court otherwise discovered any; wherefore, the trial court's findings and conclusions as to the Legislative purpose in the enactment of this penal statute, with the express objective of lessening thefts against property in this state, are supported by the terms of the Act itself. Smalley v. Paine, 102 Tex. 304, 116 S.W. 38; Ex parte Banks, 28 Ala. 28; Tarver v. Commissioners Court, 17 Ala. 527; Johnson v. Pate, 95 N.C. 68; Jones v. Alexander, 122 Tex. 328, 59 S.W.2d 1080; First Baptist Church v. City of Fort Worth, Tex.Com.App., 26 S. W.2d 196; City of Houston v. Stewart, 99 Tex. 67, 87 S.W. 663; Nueces County v. Currington et al., Tex.Civ.App., 151 S.W.2d 648; and Id., Tex.Com.App., 162 S.W.2d 687.

In other words, repeals by implication are not favored, (Gaddis v. Terrell, 101 Tex. 574, 110 S.W. 429; Paul v. State, 48 Tex.Civ.App. 25, 106 S.W. 448, error refused; Cole v. State, 106 Tex. 472, 170 S.W. 1036), and, in the utter absence of any expressed change from the legislative policy so expressed in quoted Section 26 of the initial "Certificate of Title Act", by declaring that the "designated agent" for the purpose of executing the law was the county tax collector, that provision may not be stricken down by the courts.

These new duties to the public generally (and not as man-Friday to the Highway Department only) were thus imposed by the law-making body upon the appellee only in his official capacity as Tax Assessor and Collector of Harris County, and presumably within the already-existing constitutional powers of such an officer, since no intention of trenching upon them by either improper addition or subtraction may, from a clear sky, be attributed to it.

This conclusion determines the merits of the Highway Department's appeal, because, under it, that appellant had no interest in the fund here involved; accordingly, it is not deemed necessary to at length pass upon its other contention against the sufficiency of the evidence to sustain the court's finding that the cost of administering the Act to the appellee equaled or exceeded the 25 cents-fee so retained by him.

However, no lack of support for such finding on the facts is perceived—it appearing to have been at least a permissible inference from all the facts and circumstances in evidence.

The appealed-from judgment will be in all other respects affirmed, but as to its allowance of attorney's fees to the appellee it will be reversed, and the entire cause as to attorney's fees will be here rendered adversely to him.

Affirmed in part, reversed and rendered in part.