

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 18, 1960

Honorable S. B. Buchanan, Jr.
County Attorney
Val Verde County
Del Rio, Texas

Opinion No. WW-960

Re: Whether a County Clerk who
is compensated on the sal-
ary basis, is entitled to
retain, in addition to his
salary, the fees authorized
to be collected under Article
5280, Vernon's Civil Statutes,
where the county has no county

Dear Mr. Buchanan:              surveyor.

        You state in your letter requesting an opinion from
this office:

        "Val Verde County is a county of less than
    20,000 inhabitants according to the census of
    1950, and by order of the Commissioners Court
    county officials are compensated on the salary
    basis.  The county surveyor who was compensated
    on the fee basis has resigned, and the county
    has no county surveyor.  It is contended that
    since the county surveyor is compensated on the
    fee basis, the Clerk is entitled to retain fees
    authorized by Art. 5280, VTCS where the county
    has no county surveyor, in addition to the
    salary fixed by the Commissioners Court."

        Section 1, Article 5280, Vernon's Civil Statutes,
as amended by House Bill 61, Acts 48th Legislature, 1943,
ch. 133, p. 213, reads in part:

        ". . . that in cases where a county has no
    County Surveyor, the County Clerk of the county
    shall be the legal custodian of the Surveyor's
    records and is authorized to make all such certi-
    ficates and certify such copies as a legally
    authorized County Surveyor may make."

". . . the County Clerk shall be entitled to all fees for documents recorded by him and for all certificates and certified copies issued by him under the provisions of this law."

Section 61, Article XVI of the Texas Constitution as amended in 1948 provides in part:

". . . in counties having a population of less than twenty thousand (20,000), according to the then last preceding Federal Census, the Commissioners Courts shall also have the authority to determine whether county officers shall be compensated on a fee basis or on a salary basis, . . .

"All fees earned by . . . county . . . officers shall be paid into the county treasury where earned for the account of the proper fund . . . where any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct. . . ."

Article 3912e, Vernon's Civil Statutes, as amended by House Bill 113, Acts 56th Legislature, 1959, ch. 23, p. 35, reads in part:

"Sec. 3. In all cases where the Commissioners Court shall have determined that county . . . officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; . . ."

The appropriate sections of Article 3883l, Vernon's Civil Statutes, read as follows:

"Section 1. In each county in the State of Texas having a population of less than twenty thousand (20,000) inhabitants according to the last preceding Federal Census where all county

and district officials are compensated on a
salary basis, the Commissioners Courts shall
fix the salaries of the officials named in
this Act at not more than Six Thousand, Seven
Hundred and Fifty Dollars ($6,750) per annum;
provided, however, that no salary shall be set
at a figure lower than that actually paid on
the effective date of this Act.

". . .

"Sec. 6. The provisions of Sections 1,
. . . of this Act shall be applicable to . . .
county clerks . . .

"Sec. 14. All of the fees and commis-
tions earned and collected by the officials
named in this Act shall be paid into the County
Treasury in accordance with the provisions of
Section 61 of Article XVI of the Constitution
of Texas.

"Sec. 15. The Commissioners Court shall
not exercise the authority vested in said
Court by virtue of this Act, except at regular
meetings of said Court and after ten (10) days
notice published in a paper of general circula-
tion in the county to be affected thereby of
the intended salaries to be raised and the
amount of such proposed raise." Acts 1955, H.
B. 427, 54th Leg., ch. 427, p. 1137.

In State v. Glass, et al, 167 S.W. 2d 296 (C.C.A.,
1942), it was held that Section 61, Article XVI of the Texas
Constitution "requiring all fees earned by district, county
and precinct officers to be paid into the county treasury in-
dicates an intention that all fees of every character collect-
ed by a county officer . . . shall become 'fees of the office'
and that the county officer is limited to his salary as com-
pensation and any fees collected by him officially must be
paid into the county depository." This decision was upheld by
the Supreme Court of Texas in Wichita County v. Robinson, 155
Tex. 1, 276 S.W. 2d 509 (1954).

It is the opinion of this office under the above
constitutional provision, statutes and cases cited that where
a County Clerk in a county under 20,000 is compensated on a
salary basis by the Commissioners Court, and the County has

no County Surveyor, the County Clerk is not entitled to retain fees collected under the provisions of Article 5280, Vernon's Civil Statutes.

The Commissioners Court could raise the salary of the County Clerk to an amount not to exceed the maximum as set out in Section 1, Article 3883i, governing counties of less than 20,000 provided such authority is exercised in accordance with the provisions of Section 15, Article 3883i.

### S U M M A R Y

Where a County Clerk is compensated on a salary basis in a county of less than 20,000 and where the county has no county surveyor, the County Clerk is not entitled to retain fees in addition to his salary but must pay all such fees into the county treasury.

The Commissioners Court may raise the salary of the County Clerk in accordance with the provisions of Sections 1 and 15, Article 3883i, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Martha Joe Stroud
Assistant

MJS:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
Linward Shivers
Joe B. McMaster
Leon F. Pesek

REVIEWED FOR THE ATTORNEY GENERAL

BY: Leonard Passmore