

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 13, 1962

Honorable Doug Crouch
District Attorney
Tarrant County
Fort Worth, Texas

Opinion No. WW-1469

Re: Whether a fee paid to a deputy
county clerk for signing an in-
ventory and appraisement in a
probate matter, as an appraiser,
is a fee of office that must be
paid into the county treasury as

Dear Mr. Crouch:

a fee of office.

You have requested an opinion from this office in re-
gard to the question of whether:

"... the fee paid to the deputy clerk for
signing an inventory and appraisement as an ap-
praiser in probate matters a fee of office such as
must be paid into the county treasury and accounted
for as a fee of office?"

You have mentioned in connection with the above-quoted
question that:

"Here in Tarrant County as in many other
counties in the state, the practice has developed
over quite a period of time whereby in probate
matters, attorneys will take into the office of
the county clerk an inventory and appraisement to
be filed in connection with the probate proceedings.
The attorney will then ask one or more deputy clerks
to sign the inventory and appraisement for them be-
fore it is filed. This is done, I am sure, as a
matter of convenience to the attorneys. For signing
these instruments the deputy clerk is usually paid
some fee, and I am informed this fee is usually
about $10.00 each."

Article XVI, Section 61, of the Texas Constitution, pro-
vides in part that:

"All district officers in the State of Texas
and all county officers in counties having a popula-
tion of twenty thousand (20,000) or more, according
to the then last preceding Federal Census, shall be

compensated on a salary basis . . . All fees
earned by . . . county . . . officers shall be
paid into the county treasury. . . ."

In State v. Glass, 167 S.W.2d 296 (Civ. App. 1943,
error ref., State v. Glass, 141 Tex. 83, 170 S.W.2d 470), it
was held in Section 61 of Article XVI of the Texas Constitution
that:

". . . all fees earned by district,
county and precinct officers shall be paid into
the county treasury . . . indicates an intention
that all fees of every character collected by a
county officer officially in counties having a
population of twenty thousand or more shall be-
come fees of office, and that the officer is lim-
ited to his salary as compensation, and any fees
collected by him officially must be paid into the
county depository as directed by the constitu-
tional provision." (Emphasis added)

In addition, the Supreme Court of Texas in the case of
Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509, in com-
menting upon State v. Glass, supra, states that:

". . . Section 61 of Article XVI, Constitu-
tion of Texas, required that the collection be
limited to his salary as compensation and any fees
collected by him officially paid into the County
Depository. . . ." (Emphasis added)

The language of the courts in the cases cited above
makes it readily apparent that the fees or compensation received
by county officers to which Section 61 of Article XVI of the
Texas Constitution applies are those fees which are received by
the county officer in his capacity as a county officer and which
are considered a fee of the county office which he holds. Such
being the case, it is necessary to determine in the instant case
whether the fee received by the deputy county clerk for signing
an inventory and appraisement as an appraiser in a probate mat-
ter is a fee of the county office he holds or is merely remunera-
tion which he has received in a capacity other than in his offi-
cial capacity as a county officer.

Section 248 of the Probate Code, Vernon's Civil Stat-
utes, provides that:

"When letters testamentary, or of administra-
tion or guardianship, are granted, the court, in the

order granting such letters, <u>shall appoint three or more disinterested persons, citizens of the county</u>, a majority of whom may act, to appraise the property of the estate to be administered. . . ." (Emphasis added)

Section 250 of the Probate Code, Vernon's Civil Statutes, provides that:

"It shall be the duty of every personal representative of an estate, as soon as he has collected the estate, and within sixty days after he has qualified and received letters, with the assistance of a majority of the appraisers appointed by the court, to make or cause to be made a full and correct inventory and appraisement of the property . . . and such appraisement shall be duly sworn to and subscribed by the appraisers."

Section 253 of the Probate Code, Vernon's Civil Statutes, provides that:

"Each appraiser appointed by the court, as herein authorized, shall be entitled to receive a minimum compensation of Five Dollars ($5) per day, payable out of the estate, for each day that he actually serves in performance of his duties as such."

A study of the above-quoted provisions of the Probate Code reveals that the court may appoint as an appraiser in a probate matter any disinterested person who is a citizen of the county. There is no requirement that any of the appraisers appointed by the court be a deputy county clerk. In turn, there is no requirement set forth by statute that the County Clerk or any of his deputies serve as appraisers in probate matters.

The fees earned or collected by deputy county clerks which must be paid into the county treasury pursuant to Section 61 of Article XVI of the Texas Constitution are those fees earned or collected by the deputy county clerks in their official capacity as deputy county clerks and in performing their functions as deputy county clerks. As there are no statutory requirements placed upon a deputy county clerk, in carrying out his official functions, to act as an appraiser in probate matters; and as the duties of an appraiser in probate matters can be fulfilled by any disinterested person who is a citizen of the county, we are of the opinion that any remuneration paid to a deputy county clerk by virtue of his having been appointed an appraiser in a probate

matter is not a fee of office as contemplated by Section 61 of Article XVI of the Texas Constitution, and it would not be necessary for such compensation received by a deputy county clerk to be paid into the county treasury.

### SUMMARY

Remuneration received by a deputy county clerk in acting as an appraiser in a probate matter is not a fee of office as contemplated by Section 61 of Article XVI of the Texas Constitution and would not have to be paid into the county treasury.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Pat Bailey
Assistant

PB:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Frank Booth
Sam Stone
Paul Phy
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore