

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 28, 1993

Honorable Eddie Cavazos
Chairman
Committee on Insurance
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-199

Re: Whether the additional money generated from the increase in the motor vehicle registration fee authorized by section 4.202(a), article 6702.1, V.T.C.S., as amended by House Bill 2 of the 72d Legislature, must be distributed to the Cameron County Tax Assessor-Collector or to the Cameron County general fund (RQ-214)

Dear Representative Cavazos:

You request this office's opinion concerning the disposition of fees collected pursuant to section 4.202(a) of the County Road and Bridge Act, V.T.C.S. article 6702-1. Section 4.202(a) was amended by House Bill 2, the omnibus insurance reform bill passed by the 72d Legislature. Acts 1991, 72d Leg., ch. 242, § 10.07, at 1033. Among its myriad provisions, House Bill 2 added article 6675a-2a, V.T.C.S., which requires the owner of a motor vehicle to submit valid evidence of financial responsibility to a county tax assessor-collector at the time the owner seeks to register the vehicle. If the owner fails to present satisfactory evidence of financial responsibility, the tax assessor-collector may not register the motor vehicle. V.T.C.S. art. 6675a-2a(b). As amended by House Bill 2, section 4.202(a) of the County Road and Bridge Act provides the following:

> As compensation for services under the laws relating to the registration of vehicles, each county tax assessor-collector shall receive a uniform fee of $1.90 for each of the receipts issued each year pursuant to those laws. The compensation shall be deducted weekly by each county tax assessor-collector from the gross collection made pursuant to this Act and other laws relating to registration of vehicles.

Prior to its amendment, section 4.202(a) authorized collection of a fee of $1.50.

You state that the Cameron County Commissioners Court has advised the Cameron County Tax Assessor-Collector that the additional forty cents authorized by House Bill 2 should be credited to the county's general fund, rather than the tax assessor-

collector's office. As a result, you state that the tax assessor-collector does not have sufficient funds to hire the additional staff needed to enforce the financial responsibility provisions of House Bill 2.

Your inquiry raises two questions. First, you wish to know whether the additional forty-cent fee authorized by House Bill 2 must be deposited in the general fund of the county. Second, we understand you to ask whether the additional amounts must be used to defray the expenses of the county tax assessor-collector in discharging the duties imposed by V.T.C.S. article 6675a-2a. We conclude that the entire fee, including the additional forty-cent amount, must be deposited in the general fund of the county. We also conclude that the fee collected pursuant to V.T.C.S. article 6702-1, section 4.202 must be appropriated by the commissioners court to defray the county tax assessor-collector's expenses in administering V.T.C.S. article 6675a-2a.

Although section 4.202(a) states that the $1.50 fee is intended to serve "[a]s compensation for [the county tax assessor-collector's] services under the laws relating to *the registration of vehicles,*" *the fees so collected are neither compensation for the officer per se* nor subject to his personal control. Article XVI, section 61 of the Texas Constitution requires all county officers in counties having a population of 20,000 or more, according to the most recent federal census, to be compensated on a salary basis rather than a fee basis.[1] With exceptions not relevant here, a county officer paid on a salary basis receives the salary in lieu of fees, commissions and other compensation the officer would otherwise be entitled to keep. Local Gov't Code § 154.002. A county is prohibited from paying a salaried officer a fee for the performance of any service by the officer. *Id.* § 154.004(b).

Article XVI, section 61 of the Texas Constitution also provides in part that all fees earned by district, county and precinct officers "shall be paid into the county treasury where earned for the account of the proper fund." Section 4.202 of the County Road and Bridge Act does not designate a special fund for the deposit of fees collected thereunder. Rather, county officers paid on a salary basis are required to deposit all fees allowed by law for the officer's services with the county treasurer. *Id.* §§ 113.021(a), 154.003; *see State v. Glass,* 167 S.W.2d 296 (Tex. Civ. App.--Galveston 1942), *writ ref'd per curiam,* 170 S.W.2d 470 (Tex. 1943); Attorney General Opinion M-624 (1970) (deposit of $1.00 "service charge" collected by county tax assessor-collector to cover cost of motor vehicle registration by mail). The county treasurer, in turn, must deposit the money to the credit of the officer's salary fund, which must be kept separate from other county funds.[2] Local

---

[1]According to the most recent federal census, Cameron County has a population of 260,120. U.S. DEP'T OF COMMERCE, BUREAU OF THE CENSUS, *1990 CENSUS OF POPULATION: SUMMARY OF POPULATION AND HOUSING CHARACTERISTICS, TEXAS* 1990-CPH-1-45 (Aug. 1991).

[2]In a county with a population of more than 190,000, an officer's salary fund may be used to pay (1) the officer's salary; (2) the salaries of the officer's deputies, assistants, clerks, stenographers, and investigators; and (3) "authorized and approved expenses of the office of the officer." Local Gov't Code

Gov't Code §§ 113.021(b), 154.042(b)(2). However, a commissioners court may, at its first regular meeting of a fiscal year, abolish officers' salary funds and order that moneys otherwise required to be deposited in an officer's salary fund be deposited in the general fund of the county. *Id.* § 154.007(a).

We are advised by the County Treasurer of Cameron County that the county commissioners court has consolidated officers' salary funds with the county general fund pursuant to section 154.007 of the Local Government Code. Accordingly, the entire fee collected pursuant to section 4.202 of the County Road and Bridge Act, including the additional forty-cent amount authorized by House Bill 2, must be deposited in the general fund of the county.[3]

We next consider whether the additional forty-cent collection must be used to defray the expenses of the county tax assessor-collector in discharging the duties imposed by article 6675a-2a. Article VIII, section 7-a of the Texas Constitution provides the following in pertinent part:

> Subject to legislative appropriation, allocation, and direction, all net revenues . . . derived from motor vehicle registration fees . . . shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads . . . .

Article 6675a-2a, V.T.C.S., which relates to the registration of motor vehicles, is undoubtedly a law "prescribed by the Legislature pertaining to the supervision of traffic and safety on [public] roads" within the meaning of article VIII, section 7-a of the Texas Constitution. The legislature has further prescribed in section 4.202(a) of the County

---

(footnote continued)
§ 154.042(a). Thus, the fees collected by the county tax assessor-collector under section 4.202 of the County Road and Bridge Act are not compensation for the tax assessor-collector *per se.*

[3]Comprising part of the county's general fund, the fees collected pursuant to section 4.202 may only be spent in strict compliance with the annual budget adopted by the commissioners court under the applicable provisions of chapter 111 of the Local Government Code. *See* Local Gov't Code §§ 111.034, 111.039, 111.040, 111.041 (budget provisions applicable to counties with a population of more than 225,000). The fees collected by the tax assessor-collector therefore are not under his direct, personal control. The commissioners court has considerable discretion to appropriate county funds as it deems proper. *See Rheuark v. Shaw,* 628 F.2d 297 (5th Cir. 1980), *cert. denied,* 450 U.S. 931 (1981); *Bomer v. Ector County Comm'rs Court,* 676 S.W.2d 662 (Tex. App.--El Paso 1984, writ ref'd n.r.e.). However, the court may be required by the constitution, by statute, or by contract to budget funds to particular activities, including the operation of another county office. *See, e.g., Vondy v. Comm'rs Court of Uvalde County,* 714 S.W.2d 417, 422 (Tex. App.--San Antonio 1986, writ ref'd n.r.e.); *Comm'rs Court of Harris County v. Fullerton,* 596 S.W.2d 572 (Tex. App.--Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Road and Bridge Act that the fee collected pursuant to the provision constitute "compensation for services [of the county tax assessor-collector] under the laws relating to the registration of vehicles." The fees collected under this section by the tax assessor-collector and deposited in the county's general fund are therefore dedicated, both by constitution and statute, to the administration of the laws governing motor vehicle registration, including article 6675a-2a.

Section 154.007 of the Local Government Code, the provision that allows a commissioners court to consolidate officers' salary funds with the general fund, states that in a county where the commissioners court has consolidated these funds any reference to a salary fund means the general fund. Section 154.042 of the Local Government Code provides that in a county with a population of more than 190,000, an officer's salary fund may be used to pay (1) the officer's salary; (2) the salaries of the officer's deputies, assistants, clerks, stenographers, and investigators; and (3) "authorized and approved expenses of the office of the officer." Local Gov't Code § 154.042(a). It is therefore clear that fees formerly deposited in officers' salary funds are available to fund the office of the county officer who collected the funds even after their deposit in the county general fund. Because motor vehicle registration fees collected by the county tax assessor-collector are dedicated by statute to that officer's "compensation," the commissioners court is not authorized to divert these funds to other uses. Cf. Attorney General Opinion JM-321 (1985) (interest on constitutionally dedicated motor vehicle registration fees may not be diverted to state general revenue fund). Accordingly, we believe the commissioners court is required to appropriate fees collected under section 4.202 of the County Road and Bridge Act solely to the purposes specified in section 154.042 of the Local Government Code. However, the commissioners court may budget only as much funds as it determines are reasonably necessary to "compensate" the office of the tax assessor-collector for its expenses in administering the motor vehicle registration laws.[4] The commissioners court's decision is subject to review by the courts on an abuse of discretion standard. See Attorney General Opinion DM-158 (1992); Letter Opinion No. 92-22 (1992) (and authorities cited therein). Whether a particular decision of the court constitutes an abuse of discretion is a question of fact that cannot be resolved in the opinion process. Id.

---

[4]In Glass, 167 S.W.2d 296, the court determined that the portion of the fee collected by the county tax assessor-collector under the former Certificate of Title Act and dedicated by the act to payment of "expenses necessary to efficiently perform the duties set forth herein" could be used only for routine office expenses necessary in carrying out the legislature's purpose in imposing duties on the tax assessor-collector. We believe a similar conclusion is warranted here. The legislature has clearly expressed its intent that the fee collected pursuant to section 4.202, if not strictly applicable as "compensation" to the county tax assessor-collector, be dedicated to the expenses of the office of the tax assessor-collector in enforcing the provisions of the laws relating to vehicle registration, including V.T.C.S article 6675a-2a.

## S U M M A R Y

Fees collected by the county tax assessor-collector pursuant to V.T.C.S. article 6702-1, section 4.202(a) must be deposited in the general fund of the county. The fees so deposited are dedicated to the office of the county tax assessor-collector to compensate that office for expenses relating to the administration of the motor vehicle registration laws. The commissioners court may not divert such fees to other purposes. The commissioners court must appropriate as much of these funds as it determines are reasonably necessary to compensate the office of county tax assessor-collector for that office's administration of motor vehicle registration laws.

Very truly yours,

**DAN MORALES**
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragón
Assistant Attorney General