ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 30, 2008

The Honorable Hector M. Lozano
Frio County Attorney
500 East San Antonio Street
Box 1
Pearsall, Texas 78061-3100

Opinion No. GA-0639

Re: Whether the County Assessor-Collector may award additional compensation to her salaried deputies from monies collected under the Certificate of Title Act, section 501.138, Transportation Code (RQ-0660-GA)

Dear Mr. Lozano:

Section 501.138 of the Transportation Code requires certain applicants for a motor vehicle certificate of title to "pay the county assessor-collector a fee" of $28 (or in some counties $33) and directs that the "county assessor-collector shall send . . . $5 of the fee to the county treasurer for deposit in the officers' salary fund." TEX. TRANSP. CODE ANN. § 501.138(a)–(b)(1) (Vernon Supp. 2007). On behalf of the County Tax Assessor-Collector ("TAC"), you ask generally whether the TAC may award the fee as additional compensation to her salaried deputies.[1]

## I.     Facts

You relate that the Frio County Commissioners Court has set the salary for each position in the TAC's office. Request Letter, *supra* note 1, at 2. The TAC's office has sent the $5 portion of the certificate-of-title fees it collects to the county treasurer for deposit in a special "Frio County Tax Collector Salary Fund." *Id.* at 1. Quarterly the TAC has directed the county treasurer to issue a supplemental payment to TAC employees from the special fund. *Id.* at 2. Neither the TAC nor the county treasurer has sought the commissioner court's approval for these supplemental payments. *Id.*

## II.     The Questions

In light of these facts, you ask:

> 1.     Is the Frio County [TAC] authorized to award additional (extra) compensation beyond the salary approved by [the]

---

[1]*See* Letter from Honorable Hector M. Lozano, Frio County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 2 (Dec. 26, 2007) (on file with the Opinion Committee, *also available at* http://www .texasattorneygeneral.gov) [hereinafter Request Letter].

> Commissioners Court to her deputies from the monies ($5.00) collected from the Certificate of Title Act, Section 501.138[,] Transportation Code?
>
> 2. Whether Op. Atty. Gen. 1951 No. V-1294 provides a sound and binding legal basis for providing extra compensation to salaried deputies of the Frio County [TAC]?
>
> 3. If the Frio [County TAC] is authorized to provide additional compensation to her deputies from the monies collected from the Certificate of Title Act, must she obtain approval of the Commissioners Court? What procedure must be followed?
>
> 4. If the Frio County Treasurer receives a request for extra compensation from the Frio [County TAC], . . . must the Frio County Treasurer present this matter to [the] Commissioners Court for [its] approval prior to making the disbursement?

*Id.* Your questions require consideration of (1) the disposition of fees in a county that compensates its officers on a salary basis and (2) the roles that a county officer, the county treasurer, and the commissioners court play in compensating the county officer's employees in such a county.

## III. Applicable Law

Article XVI, section 61 of the Texas Constitution generally requires most district and county officers to be compensated on a salary basis. TEX. CONST. art. XVI, § 61(a). For counties with a population less than 20,000, such as Frio,[2] the constitution allows the commissioners court to "determine whether county officers shall be compensated on a fee basis or on a salary basis." *Id.* § 61(c). You inform us that the Frio County Commissioners Court "has determined that [county] officers and employees shall be compensated on a salary basis rather than a fee basis." Request Letter, *supra* note 1, at 1.

The purpose of article XVI, section 61, enacted in 1935, was to abolish the fee system of compensating specified officers and to place them on a salary basis. *Wichita County v. Robinson*, 276 S.W.2d 509, 513 (Tex. 1954). Important here, the "fees of office" of county officers subject to article XVI, section 61 belong to the county and must be "'paid into the county treasury for the account of the proper fund.'" *Id.* (quoting *Settegast v. Harris County*, 159 S.W.2d 543, 544 (Tex. Civ. App.—Galveston 1942, writ ref'd)); *see also State v. Glass*, 167 S.W.2d 296, 299 (Tex. Civ. App.—Galveston 1942) (same), *writ ref'd*, 170 S.W.2d 470 (Tex. 1943). In a county compensating its officers on a salary basis, "[a]ll fees earned by district, county and precinct officers shall be paid

---

[2]Frio County's population in the last preceding federal census was 16,252. *See* U.S. CENSUS BUREAU, UNITED STATES CENSUS 2000, *available at* http://quickfacts.census.gov/qfd /states/48/48163.html (last visited June 27, 2008).

into the county treasury where earned for the account of the proper fund." TEX. CONST. art. XVI, § 61(d); *see also* TEX. LOC. GOV'T CODE ANN. §§ 113.021(a) ("The fees, commissions, funds, and other money belonging to a county shall be deposited with the county treasurer by the officer who collects the money."), 154.003 (requiring district, county, and precinct officers paid an annual salary to "dispose of the collected money as provided by Subchapter B, Chapter 113") (Vernon 2008).[3] The constitutional "proper fund" for fees of office, called the "appropriate special fund" in the statutes, "is the applicable salary fund created under Chapter 154." TEX. CONST. art. XVI, § 61(d) (requiring fees earned by district, county and precinct officers to be paid into the county treasury "for the account of the proper fund"); TEX. LOC. GOV'T CODE ANN. § 113.021(b) (Vernon 2008) (stating that for depositing fees "collected by an officer who is paid on a salary basis, the appropriate special fund is the applicable salary fund created under Chapter 154"). Thus, county officers' fees of office are generally required to be deposited in the county's salary fund.

Under chapter 154 of the Local Government Code, a county's salary fund is used to pay "(1) salaries of district, county, and precinct officers; (2) salaries of the officers' deputies, assistants, and clerks; and (3) the authorized expenses of the offices of those officers." TEX. LOC. GOV'T CODE ANN. §§ 154.023(a) (Vernon 2008) (counties with a population of 190,000 or less); 154.042(a) (counties whose population exceeds 190,000). The county treasurer disburses county funds, including the county's salary fund, but only "as required by law and as the commissioners court may require or direct." *Id.* § 113.041(a). Thus, the commissioners court is ultimately responsible for the proper allocation of county money in the salary fund to the payment of county officer and employee salaries and expenses. *Id.* §§ 113.041(a), 154.023(a).[4]

The commissioners court is required to set the amount of county compensation for its officers and employees as part of the county budget approval process. *Id.* §§ 152.011, .013. And the commissioners court's fiscal responsibilities require it to "audit and settle all accounts against the county and [to] *direct the payment of those accounts.*" *Id.* § 115.021 (emphasis added). Thus, the county treasurer, under the direction of the commissioners court, disburses county funds to compensate county officers and employees. *See id.* §§ 113.041(a), 115.021.[5]

The Local Government Code authorizes "an officer in a county with a population of 190,000 or more [to] draw checks on the county treasurer to disburse the funds as payment for a salary or

---

[3]As an exception to section 113.021(a), the tax-assessor collector may be subject to different procedures for depositing money "prescribed by or under the Tax Code and other law." TEX. LOC. GOV'T CODE ANN. § 113.021(a) (Vernon 2008).

[4]The commissioners court is responsible for the sufficiency of the fund and, at the end of the fiscal year, may transfer any surplus in the salary fund to the general fund. *Id.* §§ 154.006, .026, .046. Alternatively, a commissioners court may decide to dispense with the county's salary fund and utilize the general fund instead. *Id.* § 154.007(a). When that is the case, references to the "salary fund" in other statutes are to be understood as referring to the general fund. *Id.* § 154.007(b).

[5]*See also* Tex. Att'y Gen. Op. No. JC-0370 (2001) at 2–3 (determining that commissioners court has nondelegable duty to approve county payrolls and issue warrants for their payment).

expenses authorized by law." *Id.* § 113.047. But, as this office has previously observed, for counties whose population is less than 190,000, no statute authorizes a county officer or entity other than the commissioners court to pay or direct the county treasurer's disbursement of county funds for employee compensation. *See* Tex. Att'y Gen. LO-95-002, at 1 (concluding that the commissioners courts in counties whose population is less than 190,000 have sole authority to approve payment of employee salaries).

Thus, to summarize, the fees of office of county officers subject to article XVI, section 61 of the Texas Constitution must be deposited in the county officers' fund (or the county general fund); monies in such funds may be disbursed by the county treasurer only upon approval by, and at the direction of, the commissioners court. And in counties whose population is less than 190,000, such as Frio, county officers other than the commissioners court are not authorized to pay or direct the county treasurer to pay county funds as employee compensation.

## IV.    Analysis

Your first question is whether the Frio County TAC is authorized to award the fee collected under section 501.138 of the Transportation Code to the TAC's deputies as compensation in addition to the salary approved by the commissioners court. Request Letter, *supra* note 1, at 2. Section 501.138 directs the TAC to send "$5 of the (certificate of title application) fee to the county treasurer for deposit in the officers' salary fund" without restricting or directing its disposition. TEX. TRANSP. CODE ANN. § 501.138 (Vernon Supp. 2007). When the Legislature has determined that a particular fee is not county money as a "fee of office" or otherwise not subject to commissioners court general fiscal authority, the Legislature has said so.[6] The fee in Transportation Code section 501.138 is to be deposited in the officers' salary fund. *Id.* The Commissioners Court, not the Frio County TAC, has the general authority and responsibility to set employee compensation in the county budget and to utilize monies in the county salary fund to pay salaries and expenses. *See* TEX. LOC. GOV'T CODE ANN. §§ 113.041(a), 115.021, 152.011, 154.003 (Vernon 2008). To answer your first question, the Legislature has not authorized the Frio County TAC to award the fee in Transportation Code section 501.138 to her employees as compensation in addition to their salaries approved by the Commissioners Court.

In your second question, you ask if Attorney General Opinion V-1294 provides a basis for awarding extra compensation to TAC salaried deputies. *See* Request Letter, *supra* note 1, at 2. That opinion considered the propriety of a statutory provision allowing a TAC to receive a fee as

---

[6]*See, e.g.,* TEX. LOC. GOV'T CODE ANN. § 154.005 (Vernon 2008) (authorizing certain officers to receive, in addition to salary, certain fees such as a fee for performing a wedding ceremony or delivering an eviction notice); TEX. TAX CODE ANN. § 23.122(c) (Vernon 2008) (authorizing the TAC to retain interest generated by a prepayment escrow account to defray the office's administration costs); Tex. Att'y Gen. Op. No. JC-0348 (2001) at 3 (concluding that Tax Code section 23.122 was intended to grant the TAC autonomy with respect to retained interest, limiting the commissioners court's general authority over county funds); *see also* TEX. LOC. GOV'T CODE ANN. §§ 113.021(a) (Vernon 2008) (providing that TAC must deposit "money in accordance with the procedures prescribed by or under the Tax Code and other laws"), 154.004(d)(1) (stating that the statutory prohibition against paying a county officer a fee for services rendered does not apply to the fees and commissions that a TAC is authorized to collect by law).

additional compensation for administering the Certificate of Title Act. *See generally* Tex. Att'y Gen. Op. No. V-1294 (1951); Act of June 6, 1955, 54th Leg., R.S., ch. 452, 1955 Tex. Gen. Laws 1172, 1173 (amending article 1436-1, section 57 of the Revised Civil Statutes). Opinion V-1294 considered whether the fee could be paid to the TAC, not to TAC employees, and therefore is only tangentially related to the issue of county employee compensation. Moreover, the opinion concluded that the statutory provision for a fee as extra compensation for the TAC did not offend article XVI, section 61 of the Texas Constitution. *See* Tex. Att'y Gen. Op. No. V-1294 (1951) at 8. Three years later, however, in 1954, the Supreme Court of Texas held that the statute was unconstitutional to the extent that it allowed the fee as extra compensation to a TAC compensated on a salary basis. *See Wichita County*, 276 S.W.2d at 514 (also concluding that article XVI, section 61 of the Texas "Constitution is not to be circumvented by calling the compensation additional salary or by providing that the fees be paid into the salary fund and then paid out to the officer in a lump sum or otherwise"). Thus, because the statute upon which Opinion V-1294 was based was declared unconstitutional, the opinion does not provide a valid "legal basis for providing extra compensation to salaried deputies of the Frio County" TAC. *See* Request Letter, *supra* note 1, at 2.

Because a TAC does not have authority to award the certificate of title application fee to the offices' employees, we do not answer your third question. Your final question is whether a county treasurer must present a request from the TAC for extra compensation to the commissioners court for its approval. *See id.* The county treasurer may not disburse county money "without a certificate or warrant from an officer who is authorized by law to issue the certificate or warrant." TEX. LOC. GOV'T CODE ANN. § 113.041(c) (Vernon 2008). As discussed above, in counties with a population of less than 190,000, only the commissioners court has authority to approve payment of county employee salaries. Under Local Government Code section 113.041(d), "[i]f the treasurer doubts the legality or propriety of an order, decree, certificate, or warrant presented to the treasurer for payment, the treasurer may not make the payment. The treasurer shall report the matter to the commissioners court for the court's consideration and direction." *Id.* § 113.041(d).[7] Thus, a county treasurer receiving a request from the TAC for extra compensation for TAC employees must present the matter to the commissioners court for its consideration and direction.

---

[7]There are also constitutional limits on a commissioners court's authority to grant county employees compensation not included in the county budget. For example, article III, section 53 of the Texas Constitution denies counties the authority to grant "any extra compensation, fee or allowance to a public officer, agent, [or] servant . . . after service has been rendered." TEX. CONST. art. III, § 53. That provision precludes a county from paying its employees a bonus unless the commissioners court has approved a bonus plan as part of a compensation before the services are rendered. *See, e.g.*, Tex. Att'y Gen. Op. Nos. GA-0562 (2007) at 3 n.5 (advising that "while the commissioners court may accept donations for the purpose of prospectively supplementing the salaries of the district attorney's employees, the funds may not be paid as a bonus for services previously rendered"); JM-1253 (1990) at 2–3 (opining that a "bonus may be paid to a county employee only if the commissioners court has approved the bonus plan as part of compensation before the services are rendered").

## S U M M A R Y

       A county tax assessor-collector is not authorized to award the fee in section 501.138, Transportation Code, to office employees as compensation in addition to their salaries approved by the commissioners court. A county treasurer presented with a request for such compensation must report the matter to the commissioners court for the court's consideration and direction.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee