## THE STATE OF TEXAS v. T. J. NORRELL ET AL.

*(Case No. 4211.)*

1. STATUTES CONSTRUED — CLERK'S COSTS.— Subsequent to the adoption of the Code of Procedure, and on the 22d of April, 1879, the legislature passed "An act to amend chapter two of title fifteen, and chapter one of title sixteen, in the Code of Criminal Procedure, of an act entitled an act to adopt and establish a Penal Code, and a Code of Criminal Procedure, for the state of Texas," in which it is provided as follows: "The district or county attorney shall be entitled to ten per cent. on all fines, forfeitures or money collected for the state or county, upon judgments recovered by him, and the clerk of the court in which such judgments are rendered shall be entitled to five per cent. of the amount of said judgments, to be paid out of the money when collected." *Held,*

    1. If the power of the legislature thus to pass the amendment should be conceded, the act, considered with reference to its caption, did not provide for fees of the clerk in civil causes.

    2. The phrase in the act, "judgments recovered," applies appropriately to judgments in *scire facias* cases, as forfeited bail bonds and recognizances.

    3. The fees of clerks in civil causes were already fully provided for, and there is nothing in the act to indicate the legislative intention to make it cumulative.

APPEAL from Travis. Tried below before the Hon. E. B. Turner.

The state brought suit on the bond of defendant for a balance due as collector of taxes, and recovered judgment for the sum of $1,268.77.

Execution was issued on the judgment by E. Hallman, clerk of the district court, and the amount of the judgment collected and paid over to him.

Demand was made by state on the said clerk for the money collected on the judgment. He paid over all of the amount except $60.61, which he retained and refused to pay over, claiming the same as commissions allowed him by law.

A motion was filed by the state against the clerk, to require him to pay the sum thus retained. He answered that he held the same by virtue of art. 1112, C. C. P., as part of his costs

in the case. The district court refused to grant the prayer of the state; entered judgment for the clerk and against the state for costs. The case was submitted under an agreement setting up the above facts.

*E. Taylor Moore, D. W. Doom,* and *McCormick,* Attorney General, for the state.

I. This was a civil action, and the fees of all the officers of the court are fixed and prescribed by statute. It is unlawful to demand or receive other or higher fees than those prescribed. C. C. P., art. 1112; R. S., arts. 2389–2421.

II. The article of the code applies only to money collected by virtue of its own provisions, notwithstanding the general language used.

III. The code took effect on July 24, 1879, and the revised statutes on the first day of September following. They are two separate and distinct acts passed at the same session of the legislature. As to the construction of such conflicting statutes, see Potter's Dwarris on Statutes, 182; Lessee of Brewer *v.* Blougher, 14 Pet., 178; Runnels *v.* Belden, 51 Tex., 49.

*Hancock, West & North* for appellee. — The language of the statute is broad and unambiguous. Upon all judgments rendered in favor of the state in suits for the collection of money, the clerk of the court where the judgment is rendered shall receive five per cent., to be paid out of the money collected.

There is no limitation in this article as there is in the one following (art. 1113), upon money collected by the sheriff or other officer without suit, giving him five per cent. thereof only when collected under the provisions of "this code."

This is the difference between the two articles: Article 1112 regulates the commission to be paid the district or county attorney and the clerk where money is collected on a suit and judgment for the state, without limitation, and whether ren-

dered under the provisions of the Code of Criminal Procedure or of any other code or law.

Appellant admits that this is the language, but to limit its operation he insists that the law regulating the fees and costs of the clerk in civil state cases is found in R. S., art. 2383 *et seq.*, and that no addition can be engrafted on the civil statutes by the Code of Criminal Procedure.

As a matter of fact the Code of Criminal Procedure went into effect before the civil Revised Statutes, on July 24, 1879, while the latter did not go into effect until September 1, 1879. It is also true that the three codes (Revised Statutes, Code of Criminal Procedure and Penal Code) were all passed on February 27, 1879. The penal Revised Statutes were presented to the governor February 27, 1879, and the civil Revised Statutes on February 28, 1879. Neither was ever signed and approved by him. (R. S., § 720; C. C., p. 156.)

That the codes did not go into effect on the same day was the result of accident or oversight in the legislature, or in the commission to revise the laws. The penal codes, by the fourth section of the bill, as originally prepared by the revisors, provided that they should go into effect ninety days after their passage. This provision was afterwards discovered to be in conflict with art. III, § 39 of the constitution, which prohibits general laws (except in certain cases) from going into effect until ninety days after the adjournment of the session, and not ninety days after their passage.

The revisors in their report called the attention of the legislature to this error, and suggested that the fourth section of the penal codes be made to conform exactly to the twenty-second section of the civil statutes. (Report of Commissioners, p. 36.)

This, however, the legislature overlooked or failed to adopt. If it had been adopted both codes would have been passed on the same day, and gone into effect at the same time. That such was clearly the purpose of the legislature is evident from the above statement, gathered from the journals of the legis-

lature, the revised statutes, and the report of the commissioners.   This justifies us in considering them as in fact not only passed — as they actually were — at the same session, but practically on the same day, and only by accident or mistake going into effect at different times.

If this be correct, these two acts should be construed *in pari materia;* and in order to arrive at the meaning of any one article, the articles or sections of both bills may be looked to.   See Cain *v.* State, 20 Tex., 355, a case arising under the penal codes when first enacted in 1856.

It is true that the constitution prescribes as a general rule that all laws shall embrace but one subject, and that subject expressed in the title; but the civil and criminal codes are expressly made by the constitution an exception to this rule. Art. III, § 43.

While it was intended, if possible, to arrange all the civil statutes under one head and the criminal statutes under another, yet in practice this might not always be possible, and the object of that constitutional provision was to allow the legislature a discretion in this matter.

It will accordingly be found that frequently the penal codes refer to articles in the civil statutes, and *vice versa.*

A comparison of the civil statutes as reported by the revisors and as passed by the legislature on February 27, 1879, will show that the fees of district clerks were materially reduced by them.   See chapter "Fees" in the Revised Statutes, and compare it with the fee bill in Paschal's Digest.

The journals show that after the passage of the revised statutes the clerks memorialized the legislature to increase their fees, and it is probable that the act of April 22, 1879, now under consideration, was passed in obedience to these demands.

BONNER, ASSOCIATE JUSTICE.— The clerk of the district court of Travis county contends that he has the right to retain as his fees, under the provisions of article 1112 of the

Revised Code of Criminal Procedure, the money for which this motion was made against him.

This article reads as follows: "The district or county attorney shall be entitled to ten per cent. on all fines, forfeitures or money collected for the state or county, upon judgments recovered by him, and the clerk of the court in which such judgments are rendered shall be entitled to five per cent. of the amount of said judgments, to be paid out of the money when collected."

This is not a part of the original code of procedure, as adopted by the legislature, February 21, 1879, but is an amendment subsequently made, April 22, 1879, and that part in relation to the fees of the clerk is an entirely new and distinct clause.

The caption under which this amendment was made is as follows:

"An act to amend chapter two of title fifteen, and chapter one of title sixteen, in the Code of Criminal Procedure, of an act entitled 'an act to adopt and establish a Penal Code and a Code of Criminal Procedure for the state of Texas.'" Laws Regular Session, 16th Leg., 133.

The judgment upon which commissions are claimed by the clerk was rendered in a civil suit, upon a defaulting collector's bond. Should it be admitted that the legislature could constitutionally pass an amendment to the Code of Criminal Procedure, in which they should therein provide for the fees of clerks in civil cases, we are of opinion, from the caption itself of this act, and from its context, that the legislature by this article intended to provide for the fees of clerks, not in civil cases, but in those arising under the Penal Code and Criminal Procedure.

This construction is consistent with the language used, though that language might be sufficiently comprehensive, abstractly considered, to embrace fees in civil cases also.

The phrase, "upon judgments recovered," would appropriately apply to judgments in *scire facias* cases on forfeited

bail bonds and recognizances, which, though *quasi* civil in their nature, have been construed, both by this court and the court of appeals, in cases arising under the revised codes, to so far partake of a criminal character as that the supreme court did not have jurisdiction of them on appeal.

We are further strengthened in this construction from the fact that by the provisions of the revised civil statutes the fees of clerks in civil cases are otherwise fully provided for; and it will not be presumed, unless the language and context would bear no other reasonable construction, where the existing law has made adequate provision for the particular case, that the new law passed upon a different feature of the case was intended to be cumulative and give double fees for the same service. The case having been submitted upon an agreed statement of facts, and to obtain the proper construction of this article of the statute, the judgment of the court below will be reversed, and judgment here rendered for the state in accordance with this opinion, and it is accordingly so ordered.

REVERSED AND RENDERED.

[Opinion delivered June 11, 1880.]