13   555
86t  558
13   555
34    95

---

[No. 1386.]

## SIMON HART AND OTHERS *v.* THE STATE.

1. SCIRE FACIAS—APPEAL.—Anterior to the revision of the Codes of this State, it was held, both by the Supreme Court and by this court, that *scire facias* cases on forfeited bail bonds and recognizances were criminal in their nature, and that jurisdiction on appeal in such cases attaches to and belongs exclusively to the Court of Appeals; and, notwithstanding subsequent legislation on the subject, this court adheres to its former ruling, that such cases are criminal and not civil in their nature, and are

returnable on appeal to this court, subject, however, in practice and procedure to the same rules as govern civil cases. See the opinion *in extenso* on the question.

2. SAME—PRACTICE—WRIT OF ERROR.—Notwithstanding *scire facias* cases are held to be criminal in their nature, it is competent for defendants to bring such cases before this court for revision by writ of error.

3. SAME—JUDGMENT NISI, to be valid, must state "that the same will be made final unless good cause be shown at the next term of court why the defendant did not appear." Failing to recite this provision of the statute, the judgment *nisi* will not support a final judgment.

ERROR from the District Court of Bowie. Tried below before the Hon. B. T. Estes.

Error in this case was prosecuted for the forfeiture of the appearance bond of Simon Hart, bailed under a charge of theft. The amount of the bond and judgment was eight hundred dollars.

The opinion discloses the entire case.

*F. M. Henry*, for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, P. J. This is a writ of error sued out by appellants to revise the action of the District Court of Bowie county in rendering a final judgment on a forfeited bail bond. A motion is made by the Assistant Attorney General to dismiss the writ of error upon two grounds; because, to-wit:

"1. This cause is a civil suit and the Court of Appeals has no appellate jurisdiction in civil cases tried in the district court.

"2. If this cause is a criminal case, then the Court of Appeals has no jurisdiction to revise a criminal case by *writ of error*, but only *by appeal*."

After the organization of the Court of Appeals under our present State Constitution the question as to whether *scire facias* cases on forfeited bail bonds and recognizances were and should be treate[d] as civil or criminal causes came up for adjudication both in the Supreme Court and the Court of Appeals, and was most ably and elaborately argued in both courts, the questions being the ones substantially as here presented. In determining these questions no written opinion was delivered in either court, but a majority of the judges in each court were of opinion that

all such cases were criminal, and that the jurisdiction on appeal attached to and properly belonged exclusively to the Court of Appeals. Since that time the practice to so regard them was uniform (*Aber* v. *Warden,* 49 Texas, 377), up to the time of the adoption of the Revised Statutes. It is evident that the commissioners to revise and codify the laws were of opinion that these cases were and should be treated as civil and not criminal cases, and that they have made them so in so far as they could by the practice and procedure provided for such cases. (Code Crim. Proc. Arts. 444, 449, 450, 891, 892, 893; Rev. Stats., Arts. 1500, 1508.)

Still, notwithstanding this manifest intention to characterize and treat them as civil cases, this court, since the revision, has declined to change the ruling originally held by the Supreme and by this court, and has invariably held them to be in character criminal cases, subject, however, in practice and procedure to the same rules as govern civil cases. (*State* v. *Norvell,* 53 Texas, 427; *State* v. *Ward,* 9 Texas Ct. App., 462.)

If the question was an original one, it might be that we would take a different view from the conclusions arrived at when the question was first before the courts. As it is, the practice is now so well settled in this State that we do not believe it to be the part of wisdom or sound policy to interfere with or change it. Such cases will still be considered criminal in character, but in all proceedings after judgment *nisi* and issuance of *scire facias* liable, unless where otherwise expressly provided by statute, to be governed in practice by the same rules as obtain in civil cases.

The second ground of the motion is that a writ of error does not lie in such cases, because they are criminal. In addition to the reasons already given above for not interfering with the practice now so long and so well settled, we might go further, if necessary, and say that there is nothing in the constitution of the State inhibiting the Legislature from providing such a mode of bringing up for revision cases of this character, even though they are held to be criminal. A writ of error, as recognized under our laws, is only another mode of bringing up the cause for revision upon appeal (*Luckett* v. *Townsend,* 3 Texas, 119; *Cheek* v. *Rogers,* 1 Texas, 440), and this is the ground upon which it has been held that the State is not entitled to a writ of error in such cases, though such mode is provided in her behalf also by the statute. (Code Crim. Proc., Arts. 891, 892.) A writ

of error is only another mode of appeal, and the State is expressly inhibited the right of appeal in criminal cases. (Constitution, Art. 5,. sec. 26.)

We are of opinion that this court has jurisdiction to hear and determine the case as here brought up by the writ of error, and the motion to dismiss is therefore overruled.

Looking to the record as to the final disposition of the case, we find that the judgment *nisi* is not in conformity with the requirements of the law. (Code Crim. Proc., Art. 441.) "To be valid, a judgment *nisi* must state that the same will be made final unless good cause be shown at the next term of court why the defendant did not appear." (*Collins* v. *The State,* 12 Texas Ct. App., 356.) This is not stated in the judgment *nisi*.

Other questions are raised, but they are not likely to come up upon another trial, and therefore are not discussed. Because there was no valid judgment *nisi* taken, the judgment final is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Opinion delivered March 17, 1883.