## THE CITY OF AUSTIN v. C. D. JOHNS.

SUPREME COURT, AUSUIN TERM, 1884.

*Fees—Commissions.*—Under a charter granting to the city council power to allow the city attorney fees, they are authorized to grant him commissions.

*Ordinauce Construed.*—An ordinance providing that "the city attorney shall receive ten per cent. upon all sums collected for the city;" held, to include monies collected in misdemeanor cases as well as in civil suits.

H. B. Barnhart, for appellant.
Sheeks & Sneed, for appellee.

Appeal from Travis county.

West, J.: Appellee instituted this suit against appellant, to recover, under article 103 of the revised ordinances of the city of Austin, $1250.47 being ten per cent. of the fines collected in misdemeanor prosecutions in the mayor's court of the city of Austin, from the 9th of September, 1878, to the 16th of November, 1881, during which time plaintiff was city attorney.

September 26, 1883, appellant filed general demurrer, general denial, and special answer, in which it was alleged that under articles 100 and 101 of the revised ordinances, which were in force during appellees term, the city attorney was, in all cases of misdemeanor brought before the mayor, where the party plead guilty, entitled to a fee of two dollars to be taxed in the bill of costs, and no more; and in all such cases where the party plead not guilty, on conviction of the accused, the city attorney was entitled to a fee of five dollars to be taxed in the bill of costs, and no more; and that the appellee, as such officer, had received such fees in all the cases prosecuted by him in said court during his term of office.

A jury was waived and the case submitted to the court, and there was judgment against appellant for $1250.47 and costs. Appellant excepted, and gave notice of appeal.

The only questions to be determined, are whether or not, under the charter of the appellant, and the amendments thereto, it had power to allow, by way of compensation, to the appellee, as city attorney, for official duties and services performed by him, under their order and direction, commissions or sums of money, collected and paid in the city treasury in misdemeanor cases in which he represented the city in such city attorney? and if they have such power, have they exercised it?

By the sixth article, clause 38, page 13, of the charter, (which charter was granted to the city of Austin, by an act of the legislature on April 5th, 1873, and which is declared to be a public act,) on the subject of the compensation of city officials, it was provided that the council shall have power "To fix the compensation of the city officers not herein provided for, and to regulate the fees of all jurors, etc.

This article, and this clause of this article, was subsequently, on the first Monday in November, 1875, amended in the mode provided by law, and, by this amendment, the charter on this subject read as follows: "The officers of the city of Austin shall, "after the adoption of thse amendments receive the following "compensation and and no other for their services: * * * * "the city attorney a salary of six hundred (600) dollars per annum, "*and such fees as shall be allowed* by the city council.

These were the terms of the charter of the city when the ordinance now under consideration was passed. The exact date of its

passage was 15th Feb., 1878. It was subsequently re-enacted on 31st July, 1878.

So much of this ordinance, which is quite lengthy, as is necessary now to be considered, in this connection, is as follows: "*Article* 100. In all cases of misdemeanor, brought before the mayor, when the party pleads guilty, the city attorney shall be entitled to a fee of two dollars, to be taxed in the bill of costs. *Ariicle* 101. In all cases of misdemeanor, when the party pleads not guilty, the city attorney shall prosecute the case on trial, either before the mayor or a jury, and, on conviction of the party accused, the city attorney shall be paid a fee of five dollars, to be taxed in the bill of costs. *Article* 103. The city attorney shall receive ten per cent. upon all sums of money collected for the city; and for all civil cases brought for or against the city, other than for the collection of money, in the District Court, he shall receive the sum of twenty-five dollars, and in the magistrates' court, the sum of five dollars for his services. It shall further be the duty of the city attorney to draw up all ordinances in legal form, at the request of the mayor or any committee appointed by the council to have an ordinance drawn for any purpose whatever; and, also, to draw up all deeds or articles of agreement to which the city may be a party, free of charge to the city."

It is plain, that under the terms of the amended charter, the city council has express authority to allow the city attorney, in addition to his annual salary of $600, therein provided, also such *fees*, as the council shall, in the exercise of their judgment, and discretion, see fit to allow him.

No question is made but that they can, in addition to the salary and fees they have by ordinance already allowed him, also allow him still other fees, for the many necessary and valuable services that he now performs without having any compensation for the same, other than his annual salary.

It is argued, however, that this power, granted to the council to allow him *fees*, does not authorize them to grant hin *commissions*, or money collected. There is no force in this objection: The word "*fees*," as defined by Burrill (see Burrill's Law Dict., vol. 1, p. 474, *verb*, "FEE;" see, also, Bouviers' Dict., vol. 1, p. 577, *verb* "FEE"), is said to be the reward, or compensation, or wages, allowed by law to an officer for services performed, in the discharge of his official du-

ties. The latter author, cites cases showing the difference between *fees* of an attorney counselor and physician, and the *costs* of a suit. Webster in his unabridged dictionary, p. 454, *word* "FEE," following the elementary law writers also gives, in substance, and quite full, the same definition of this word.

Under this, the well known and correct legal definition of the word "FEE," as used in the charter, we have no doubt that the city council has authority, to allow the appellee, as city attorney, by way of compensation and remuneration for his services, commissions on all sums of money collected for the city, where he has rendered professional services in that behalf, and through his official instrumentality, such sums of money have been in fact collected and paid into the city treasury.

It is however, contended that, conceding this to be the fact, that the city council, having already provided, as we have seen from the above extracts from the ordinances of the city, for his fees in misdemeanor cases, they could not, in addition, in that same class of cases allow him also commissions on the sums collected for further attention to the collection of the fines imposed.

We think the appellant, under the charter, as amended, had the power, in such criminal cases, as its tribunals had jurisdiction to try, and determine to allow the city attorney fees, for appearing in and prosecuting such suits, and also, in addition, if it saw fit to do so, allow him additional fees for representing the city, and superintending the subsequent collection in money of the judgments so rendered in favor of the city.

The language is as follows : "The city attorney shall receive ten per cent. upon *all sums of money collected* for the city." (Art. 103, 7). These terms are broad and unequivocal. No difference whatever is made, by this ordinance, between sums of money collected in civil suits, and sums of money collected in criminal suits. As the city council has not seen fit to make a distinction in the ordinance, between monies collected in civil and in criminal cases, we certainly have no power to do so, Our duty is to construe the law; we can not add to it, or take from it. We administer it as we find it.

All the authorities cited by both parties have been examined. In addition we have ourselves referred to the following cases:

State of Texas v. Norrell, 53 Tex., p. 427; Spencer v. Galveston county, 56 Tex., p. 383; State v. Moore, 57 Tex., p. 307; Looscan v.

The County of Harris, 58 Tex. R., p. 511. They however threw very little light on the question now under consideration.

The opinion is, that the District Court was correct, under the facts and law of this particular case, in the conclusion arrived at, and the judgment is accordingly correct.