**W. W. BANKS, Administrator, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

No. 11030.

Court of Civil Appeals of Texas.

Austin.

Oct. 31, 1962.

Rehearing Denied Nov. 21, 1962.

Jay S. Fichtner, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., A. D. Jim Bowie, Don T. Cates, Homer G. Montgomery, Ted Z. Robertson, Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, for appellees.

ARCHER, Chief Justice.

This is an appeal from a judgment in favor of the State of Texas and the County of Dallas, requiring the Administrator to pay a commission of one-half of one percent of the actual cash receipts of the Administrator of the Estate of Jewel Marie Banks, Deceased, amounting to $1,111.71 as a commission to the Probate Judge. There is no issue as to the amount due, if any.

The appeal is based on the error of the Trial Court in requiring the Administrator to pay a commission before discharging him and his surety, because the statute requiring payment of· such commission has been repealed.

Article 3926, Vernon's Ann.Civ.St., is the provision of the code upon which the Probate Judge predicates his requirement that a commission be paid.

Originally the commissions paid under Article 3926 were personal to the official and represented his personal fund, and from which and other funds, compensation was paid such official as fees of office.

With the enactment of Section 61, Article 16 of our Constitution, Vernon's Ann.St., such monies constituted "fees of office," but to which the official had no personal claim. State v. Glass, Tex.Civ.App., 167 S.W.2d 296, error ref. (141 Tex. 83, 170 S.W.2d 470). All similar fees of office became payable to the Treasury, out of which salaries are paid. Sec. 14, Article 3883i, V.A.C.S.

There is no·conflict between Sections 11 and 14 of Article 3883i, but indicate a continued recognition of the Legislature of the two types of monies receivable of the affected public officials. Section 11 cannot be construed as repealing fees and commissions of office, since Section 14 requires that such fees and commissions be paid into the treasury.

There can be no question but that the purpose and effect of the amendment to the Constitution was to abolish the fee system of compensating named officers and placing them on a salary basis. Wichita County v. Robinson, 155 Tex. 1, 276 S.W.2d 509; Settegast v. Harris County, Tex.Civ. App., 159 S.W.2d 543, error ref.

The judgment of the Trial Court is affirmed.

Affirmed.