Honorable Henry Wade Criminal District Attorney Sixth Floor, Records Building Dallas, Texas 75202
Re: Whether a county treasurer is authorized to receive fees earned by his services to levee improvement districts.
Dear Mr. Wade:
You ask whether the County Treasurer of Dallas County is entitled to receive the fees prescribed by section 57.066 of the Texas Water Code. Section 57.066 provides that "[t]he treasurer is entitled to receive as compensation . . . not more than one-fourth of one percent of all money received by him . . ." in performing his duties for a levee improvement district created pursuant to section 57.011, et. seq., of the Water Code.
Article XVI, section 61 of the Texas Constitution states that ". . . all county officers in counties having a population of twenty thousand (20,000) or more, . . . shall be compensated on a salary basis." The purpose of this section was to "abolish the fee system of compensating named officers and placing them on a salary basis." Banks v. State, 362 S.W.2d 154, 155
(Tex.Civ.App.-Austin 1962, writ ref'd); see V.T.C.S. art. 3912k, § 5.
We believe that it is clear that the compensation provided for in section 57.066 of the Water Code constitutes a fee rather than a salary. See Greer v. Hunt County, 249 S.W. 831 (Tex. 1923) (salary is a fixed amount, while a fee is a contingent amount). Similar arrangements have been held unconstitutional. Wichita County v. Robinson, 276 S.W.2d 509 (Tex. 1954); Attorney General Opinions H-202 (1974); S-70 (1953); V-743 (1948).
 SUMMARY
The County Treasurer of Dallas County is prohibited by article XVI, section 61 of the Texas Constitution from receiving the fees provided for in section 57.066 of the Water Code.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee