

# The Attorney General of Texas

August 20, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas    78767

Opinion No. JM-193

Re: Whether a commissione
court may authorize certa
fees under article 3926
V.T.C.S.

Dear Ms. Moore:

You have requested our opinion as to whether a commissione
court may set a fee for a service for which no fee was authoriz
prior to September 1, 1981, the effective date of article 3926
V.T.C.S.   That statute provides:

(a)  The commissioners court of each county may
set reasonable fees to be charged for services by
the offices of sheriffs and constables.

(b)  A commissioners court may not set fees
higher than is necessary to pay the expenses of
providing the services.

Initially, we note the suggestion that article 3926a, insofar
it affects sheriffs, is in conflict with article V, section 23 of t
Texas Constitution, which provides for the election of a sheri
"whose duties and perquisites, and fees of office, shall be prescrib
by the Legislature . . . ."  (Emphasis added).  Cf. Tex. Const. ar
V, §20 (county clerk).  It is argued that the legislature itself, r
a commissioners court, must set any fees charged for a sheriff
services.

We begin by noting that constitutional provisions are to
construed in the light of conditions existing at the time of the
adoption, Director of the Department of Agriculture and Environment
Printing Industries Association of Texas, 600 S.W.2d 264 (Tex. 1980
that a constitutional meaning fixed upon its adoption is nev
different at a subsequent time, Jones v. Ross, 173 S.W.2d 1022 (Te
1943); Cramer v. Sheppard, 167 S.W.2d 147 (Tex. 1942), and that t
readoption of a provision, using the same language, is presumed
have been done with a purpose not to change the law.  See Cox
Robison, 150 S.W. 1149 (Tex. 1912).  Except for a change in 19

making a sheriff's term of office four years rather than two, the language of article V, section 23 has been the same since it was adopted as an original part of the constitution in 1876.

In 1876, the phrase "fees of office," in the context of its article V, section 23 use, meant "the reward or compensation or wages allowed by law to an officer for services performed by him in the discharge of his official duties." City of Austin v. Johns, 62 Tex. 179 (1884). See also Veltman v. Slator, 217 S.W. 378 (Tex. 1919); State v. Moore, 57 Tex. 307 (1882). The intent of the constitutional provision was that the legislature itself should specify the fees a sheriff might collect and retain as his personal compensation. The purpose was undoubtedly to prevent any sheriff from exacting tribute, in the form of fees, to enrich himself. Cf. Tarrant County v. Butler, 80 S.W. 656 (Tex. Civ. App. 1904, no writ) (as to county clerk).

The meaning of article V, section 23 remains the same today, but no longer do sheriffs retain collected fees as their personal compensation. Article XVI, section 61 was added to the constitution in 1935, amended in 1948, and amended again in 1972. It abolished the fee system for compensating sheriffs; the commissioners courts of all counties are now required to compensate such officers on a salary basis. See Wichita County v. Robinson, 276 S.W.2d 509 (Tex. 1954); Settegast v. Harris County, 159 S.W.2d 543 (Tex. Civ. App. - Galveston 1942, writ ref'd). Fees set by the legislature were not abrogated by the new provision, but the purpose to which they could be put was changed. Banks v. State, 362 S.W.2d 154 (Tex. Civ. App. - Austin 1962, writ ref'd); State v. Glass, 167 S.W.2d 296 (Tex. Civ. App. - Galveston 1942), writ ref'd w.o.m. per curiam, 170 S.W.2d 470 (Tex. 1943).

"Fees of office" for sheriffs in the sense used by article V, section 23 no longer exist. The danger which that provision was designed to control by direct legislative oversight (and the only subject matter on which it acts) has been constitutionally eliminated. Today, article V, section 23 of the Texas Constitution no more prohibits the delegation to commissioners courts of fee-setting power than it prohibits the delegation to them of power to set the salaries and perquisites for sheriffs. See V.T.C.S. art. 3912k. Cf. Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. - Amarillo 1971, writ ref'd n.r.e.). Accordingly, we turn to an examination of the statute itself.

Article 3926a, V.T.C.S., delegates to the commissioners court power to "set reasonable fees to be charged for services by the offices of sheriffs and constables." (Emphasis added). Insofar as sheriffs are concerned, section 23 of article V of the Texas Constitution specifies that the duties of the sheriff are to be prescribed by the legislature (a task not delegated to the

commissioners court), but a description of duties to be discharged by a sheriff need not, and usually does not, describe all the services that might be performed in the discharge of those duties. Starr v. Board of Commissioners of Delaware County, 79 N.E. 390 (Ind. App. 1906).

The services a sheriff officially performs are merely actions that further the discharge of his duties (deeds that are useful or instrumental in achieving that object). See Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex. 1962). The setting of a fee for a service, if such a service is performed in the discharge of a sheriff's duties, is not the equivalent of requiring that the service be performed, or a prescription of the sheriff's duties. The fixing of fees for a sheriff's services, whether or not a fee was previously charged for them, is entirely compatible with the prescription of a sheriff's duties by the legislature.

We have found no constitutional provisions or conflicting statutes that prevent a commissioners court from setting a fee for services performed by the offices of sheriffs and constables in accordance with article 3926a, V.T.C.S., even though no fee for the service was authorized prior to September 1, 1981. We conclude that commissioners courts may set such fees.

### S U M M A R Y

Commissioners courts may set fees for services performed by sheriffs and constables in accordance with article 3926a, V.T.C.S., even though no fee for the service was authorized prior to September 1, 1981.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood