

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 5, 2004

The Honorable Edwin E. Powell Jr.
Coryell County Attorney
P.O. Box 796
Gatesville, Texas 76528

Opinion No. GA-0145

Re: Whether a justice of the peace may receive, in addition to a salary, fees for issuing certified copies of birth and death certificates as provided by section 154.005(a) of the Local Government Code (RQ-0092-GA)

Dear Mr. Powell:

You ask two questions about section 154.005(a) of the Local Government Code, which provides that a justice of the peace may receive, in addition to a salary, fees for acting as registrar for the Bureau of Vital Statistics. *See* TEX. LOC. GOV'T CODE ANN. § 154.005(a) (Vernon 1999).[1]

## I.    Legal and Factual Background

Pursuant to chapter 191 of the Health and Safety Code, the Bureau of Vital Statistics (the "Bureau") within the Texas Department of Health administers the statewide system of vital statistics. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 191.001-.004 (Vernon 2001). At the local level, the state is divided into registration districts for registering births and deaths. *See id.* § 191.021(a). These districts consist of each justice of the peace district and each municipality with a population of 2,500 or more, *see id.*, which may be combined or divided by the Texas Board of Health, *see id.* § 191.021(b). The justice of the peace "is the local registrar of births and deaths in a justice of the peace precinct." *Id.* § 191.022(a). This duty may be transferred to the county clerk if the justice of the peace and the county clerk agree in writing and the agreement is ratified by the commissioners court. *See id.* In a municipality with a population of 2,500 or more, the municipal clerk or secretary is the local registrar. *See id.* § 191.022(b).

The Health and Safety Code authorizes the Bureau to charge fees prescribed by rule for various services including "preparing and issuing copies and certified copies of birth, death, fetal death, marriage, divorce, annulment, and other records." *Id.* § 191.0045(a)-(b) (Vernon Supp. 2004).

---

[1]*See* Letter from Honorable Edwin E. Powell Jr., Coryell County Attorney, to Opinion Division, Office of Attorney General (Aug. 12, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

At the local level, "[a] local registrar who issues a certified copy of a birth or death certificate shall charge the same fees as charged" by the Bureau. *Id.* § 191.0045(d).[2] A Board of Health rule establishes fees for issuing certified copies of birth and death certificates. *See* 25 TEX. ADMIN. CODE § 181.22(a)-(b) (2003).[3]

You explain that a justice of the peace in your county has requested that the county auditor pay him for "monies paid to the county for the issuance of death certificate copies." Request Letter, *supra* note 1, at 1. You indicate that the justice of the peace believes he is entitled to keep these fees under section 154.005(a) of the Local Government Code, which provides that "[a] justice of the peace may receive, in addition to a salary, all fees, commissions, or payments for performing marriage ceremonies, for acting as registrar for the Bureau of Vital Statistics, and for acting as ex officio notary public." TEX. LOC. GOV'T CODE ANN. § 154.005(a) (Vernon 1999). The justice of the peace informs us that justices of the peace in your county have been depositing fees for issuing birth and death certificates into the county treasury for many years.[4] He states that this money was mistakenly paid to the county and indicates that he believes he is entitled to fees for issuing both birth and death records.[5]

## II.     Analysis

In light of this situation, you ask whether section 154.005(a) of the Local Government Code requires the county to pay the justice of the peace death certificate fees collected prior to the date of his request. *See* Request Letter, *supra* note 1, at 1. You also ask if the county may retain a

---

[2]Section 191.0045(e) also requires the Bureau or a local registrar to collect an additional $2 fee for issuing a certified copy of a certificate of birth; issuing a wallet-sized certification of birth; and conducting a search for a certificate of birth. *See* TEX. HEALTH & SAFETY CODE ANN. § 191.0045(e) (Vernon Supp. 2004); *see also id.* § 191.0045(f) ("The fees collected under Subsection (e) shall be deposited in the state treasury to the credit of the work and family policies fund. Money in the fund may be used only for the purposes prescribed by Section 81.006(a), Labor Code."), (g) ("A local registrar that on March 31, 1995, was charging a fee for the issuance of a certified copy of a birth certificate that exceeded the fee charged by the bureau of vital statistics for the same type of certificate may continue to do so but shall not raise this fee until the fee charged by the bureau exceeds the fee charged by the local registrar. A local registrar to which this subsection applies shall charge the additional fee as required under Subsection (e)."). The Seventy-eighth Legislature recently authorized a local registrar to collect a fee not to exceed $1 for the preservation of records when issuing a vital statistics records. *See id.* § 191.0045(h).

[3]The rule provides that the fee "for a certified or research copy of a birth record shall be $9.00." 25 TEX. ADMIN. CODE § 181.22(a) (2003). The fee "for a certified or research copy of a death certificate shall be $9.00 for the first or only copy requested, and $3.00 for each additional copy of the same record requested in the same request." *Id.* § 181.22(b); *see also id.* § 181.28 (requirements for certified copies of records). In addition, the Health and Safety Code requires a local registrar who collects a fee for a certified copy of a birth certificate to "deduct 20 cents of that fee to apply to the registrar's administrative costs and remit $1.80 of that fee to the comptroller for deposit in the work and family policies fund." TEX. HEALTH & SAFETY CODE ANN. § 191.022(f) (Vernon 2001).

[4]*See* Brief from Honorable F.W. Price, Justice of the Peace, Coryell County, Texas, to Opinion Division, Office of Attorney General (Aug. 14, 2003) (on file with Opinion Committee) [hereinafter Brief of F.W. Price].

[5]*See id.*

reasonable sum as reimbursement for the use of its paper, labor, facilities, and equipment to produce death certificates. *Id.* at 1-2. In the alternative, you ask if the county may require the justice of the peace to "perform his registrar duties at a site other than the county provided Justice of the Peace office." *Id.* at 2. Given that the justice of the peace is interested in retaining birth and death record fees,[6] we address both fees. Before reaching your specific questions, however, we must examine the constitutionality of section 154.005(a) of the Local Government Code under article XVI, section 61 of the Texas Constitution, which requires counties to pay certain district, county, and precinct officials on a salary as opposed to a fee basis and controls officials' use of fees they collect.

Article XVI, section 61 requires that all justices of the peace must be compensated on a salary basis:

> In all counties in this State, the Commissioners Courts shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis, with the exception that *it shall be mandatory upon the Commissioners Courts, to compensate all justices of the peace*, constables, deputy constables and precinct law enforcement officers *on a salary basis*.

TEX. CONST. art. XVI, § 61(b) (emphasis added). Moreover, "[a]ll fees earned by district, county and precinct officers shall be paid into the county treasury where earned for the account of the proper fund." *Id.* § 61(d). A fee may be retained by an officer only if he or she is paid on a fee basis and if permitted to do so by the commissioners court: "[W]here any officer is compensated wholly on a fee basis such fees may be retained by such officer or paid into the treasury of the county as the Commissioners Court may direct." *Id.*

"The purpose of [article XVI, section 61] was to abolish the fee system of compensating the officers named and to place them on a salary basis." *Wichita County v. Robinson*, 276 S.W.2d 509, 513 (Tex. 1954). Further, article XVI, section 61 "'indicates an intention that all fees of every character collected by a county officer officially in counties [paying officers on a salary basis] shall become fees of office, and that the officer is limited to his salary as compensation, and any fees collected by him officially must be paid into the county depository as directed by the constitutional provision.'" *State v. Glass*, 167 S.W.2d 296, 299 (Tex. Civ. App.–Galveston 1942) (quoting and approving district court judgment), *writ ref'd w.o.m.*, 170 S.W.2d 470 (Tex. 1943) (per curiam). Fees set by the legislature were not abrogated by article XVI, section 61, but the purpose to which they could be put was changed. *See Banks v. State*, 362 S.W.2d 154, 155 (Tex. Civ. App.–Austin 1962, writ ref'd) (probate judge commissions, which had been personal to the official under former article 3926, "constituted 'fees of office' . . . to which the official had no personal claim" as a result of article XVI, section 61). A statute that permits a salaried officer to retain a fee as compensation in addition to his or her salary violates article XVI, section 61. *See Wichita County*, 276 S.W.2d at

---

[6]*See id.*

515 (holding that statute permitting county tax assessor-collector to retain portion of fee for issuing title certificate as compensation in addition to county salary violated article XVI, section 61).

The legislature enacted section 154.005 of the Local Government Code in 1987 when it repealed various statutes governing county officers' compensation and codified them in the Local Government Code. *See* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, §§ 1, 49, 1987 Tex. Gen. Laws 707, 934, 1307. A number of the repealed statutes authorized justices of the peace in counties in various population brackets to retain local-registrar fees even if they received a county salary.[7] We have not located any judicial decision addressing whether a justice of the peace may receive fees for issuing birth and death certificates in addition to his or her salary under the current statute or any of its predecessors. And this office has not addressed section 154.005(a) of the Local Government Code with respect to local-registrar fees. Significantly, however, several attorney general opinions predating 1987 conclude that monies a justice of the peace receives for acting as a local registrar are "fees of office" and suggest that such fees must be deposited in the county treasury pursuant to article XVI, section 61.

In 1968, this office concluded that a fee a justice of the peace collects for issuing a birth or death certificate is "a fee of office" because the justice of the peace certifies such records pursuant to an official duty. *See* Tex. Att'y Gen. Op. No. M-251 (1968) at 7-8.[8] As fees of office, the monies must be paid into the county treasury and are not "a stipend that the Justice may retain." *Id.* at 7. Similarly, a 1979 opinion of this office addressed fees collected by a Dallas County justice of the peace who served as local registrar for a registration district comprising both his precinct in Dallas County and a portion of Tarrant County. That opinion concluded that all birth and death certificate fees charged by the justice of the peace were "fees" within the meaning of article XVI, section 61

---

[7]*See* Act of Nov. 14, 1935, 44th Leg., 2d C.S., ch. 465, § 19(c), 1935 Tex. Gen. Laws 1762, 1775 (enacting former article 3912e, § 19(c) applicable to justices of the peace who were paid on a salary basis in counties with a population over 190,000); Act of Mar. 30, 1937, 45th Leg., R.S., ch. 171, § 2a, 1937 Tex. Gen. Laws 351, 351-52 (enacting former article 3912e, § 2a applicable to precinct officers who were paid on a salary basis in counties with a population less than 190,000); Act of Mar. 30, 1937, 45th Leg., R.S., ch. 81, § 2(a), 1937 Tex. Gen. Laws 151, 152 (enacting former article 3912e-2(a) applicable to justices of the peace who were paid on a salary basis in counties with a population over 355,000); Act of May 7, 1947, 50th Leg., R.S., ch. 279, § 2, 1947 Tex. Gen. Laws 482, 482 (enacting former article 3936e, § 2 applicable to justices of the peace who were paid on a salary basis in certain counties with a population between 23,000 and 27,000); Act of May 30, 1951, 52d Leg., R.S., ch. 503, § 2, 1951 Tex. Gen. Laws 1487, 1487 (enacting former article 3936i, § 2 applicable to justices of the peace who were paid a salary in certain counties with a population not less than 30,000); Act of Apr. 11, 1957, 55th Leg., R.S., ch. 110, §§ 6, 10, 1957 Tex. Gen. Laws 231, 231-32 (enacting former article 3912i, §§ 6, 10, which was not applicable to justices of the peace in counties with a population over 600,000), *all repealed by* Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, § 49, 1987 Tex. Gen. Laws 707, 1307.

[8]*See also* Tex. Att'y Gen. Op. No. S-70 (1953) at 2 (fees paid justices of the peace acting as local registrar are accountable as fees of office and therefore cannot be retained by him).

and that they should be paid into the treasury of Dallas County. *See* Tex. Att'y Gen. Op. No. MW-8 (1979) at 2.[9]

In addition, this office has concluded that the salary the commissioners court establishes for a justice of the peace as required by article XVI, section 61 compensates a justice of the peace for all his constitutional and statutory duties and that therefore a justice of the peace is not entitled to additional compensation for performing any statutory duties as local registrar. *See* Tex. Att'y Gen. Op. No. H-202 (1974) at 5. That conclusion is consistent with court decisions holding that the legislature may impose additional duties on constitutional officers. *See Harris County v. Hall*, 172 S.W.2d 691, 694 (Tex. 1943) (the legislature may impose on a public officer duties in addition to those prescribed by the Texas Constitution, provided that those duties "are not inconsistent therewith and are not prohibited by the Constitution"). Significantly, fees a county officer collects while discharging such additional duties are fees of the county office under article XVI, section 61. *See Glass*, 167 S.W.2d at 299 (county tax assessor-collector's duties under Certificate of Title Act did not pertain "to any separate agency or office" but were "merely duties added by statute to the office of Assessor and Collector of Taxes" and fees collected by tax assessor-collector under the Act were subject to article XVI, section 61).

This office has addressed section 154.005(a) of the Local Government Code to the extent it permits a justice of the peace to retain fees for conducting marriage ceremonies. Section 154.005(a) expressly permits a justice of the peace to receive fees for performing marriages in addition to a salary, and section 154.005(b) provides that a county judge may do the same. *See* TEX. LOC. GOV'T CODE ANN. § 154.005(a)-(b) (Vernon 1999). A number of attorney general opinions have concluded that justices of the peace and county judges may charge a fee for conducting marriage ceremonies and that the fee need not be deposited in the county treasury. *See* Tex. Att'y Gen. Op. Nos. DM-397 (1996), JM-22 (1983), S-70 (1953). Those opinions rely on the Texas Supreme Court's holding in *Moore v. Sheppard*, 192 S.W.2d 559 (Tex. 1946), that although public officials may not charge fees for performing their official duties, they may charge and keep fees for services that they are not legally obligated to perform. *See id.* at 560 ("The general principle prohibiting public officials from charging fees for the performance of their official duties does not prohibit them from charging for their services for acts that they are under no obligation, under the law, to perform."). In that case, the supreme court concluded that clerks of the courts of appeals were not required to account to the state for money they collected for providing uncertified, unofficial copies of opinions because the clerks had no statutory duty to furnish the copies, no statute fixed a fee for such services, and no statute required the clerks to deposit money they received for the services in the state treasury. *See id.* at 562.

---

[9]A 1941 opinion of this office concluded that justices of the peace may retain local-registrar fees in addition to their annual salaries. *See* Tex. Att'y Gen. Op. No. O-4225 (1941) at 4. That opinion does not address article XVI, section 61, however, which did not apply to all justices of the peace until 1972. *See* Act of May 26, 1971, 62d Leg., R.S., Tex. H.R.J. Res. 41, § 1, 1971 Tex. Gen. Laws 4137, 4137-38.

These attorney general opinions suggest that a fee for conducting a marriage ceremony is not a "fee of office" for purposes of article XVI, section 61 of the Texas Constitution and that section 154.005 is constitutional with respect to the disposition of these fees because article XVI, section 61 does not mandate that a fee for performing a marriage must be deposited in the county treasury. Although the Family Code authorizes justices of the peace and county judges, among others, to conduct a marriage ceremony, *see* TEX. FAM. CODE ANN. § 2.202(a)(4) (Vernon 1998), they are not required to exercise that authority, and no statute establishes a fee for this service. *See* Tex. Att'y Gen. Op. Nos. DM-397 (1996) at 1, JM-22 (1983) at 1, S-70 (1953) at 1.[10] Moreover, section 154.005(a)-(b) of the Local Government Code overcomes the general statutory requirement that all fees collected by county officials must be deposited in the county treasury. *See* Tex. Att'y Gen. Op. No. DM-397 (1996) at 2; TEX. LOC. GOV'T CODE ANN. §§ 113.021(a) (Vernon 1999) ("fees . . . belonging to a county shall be deposited with the county treasurer by the officer who collects the money"), 154.003 (requiring district, county or precinct officer who is paid an annual salary to deposit all fees as required by chapter 113, chapter B).

In contrast to justices of the peace who voluntarily conduct marriage ceremonies, a justice of the peace who also serves as local registrar is required to provide certified copies of birth and death certificates, and the fee for issuing these records is fixed by law. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 191.0045(d) (Vernon Supp. 2004), 191.022 (Vernon 2001); 25 TEX. ADMIN. CODE § 181.22 (2003). A fee for issuing a birth or death certificate is a justice of the peace "fee of office." *See* Tex. Att'y Gen. Op. No. S-70 (1953) at 2 (concluding that marriage fees are not accountable as fees of office and a justice of the peace may retain them but that "[f]ees paid justices of the peace acting as local registrar . . . are accountable as fees of office" and may not be retained); *see also* Tex. Att'y Gen. Op. Nos. MW-8 (1979) at 1-2, M-251 (1968) at 7-8. Accordingly, article XVI, section 61 requires that any fees a justice of the peace receives for issuing certified copies of birth and death certificates must be deposited in the county treasury and may not be retained by the justice of the peace as additional compensation. *See* Tex. Att'y Gen. Op. Nos. MW-8 (1979) at 8, M-251 (1968) at 7-8. Therefore, section 154.005(a) of the Local Government Code is unconstitutional to the extent it permits a justice of the peace to receive fees for issuing birth and death certificates in addition to his or her annual salary established by the commissioners court. *See Wichita County*, 276 S.W.2d at 515. Because a justice of the peace is not entitled to these fees in addition to a salary, we do not reach your questions about how your county should respond to a request for such fees by a justice of the peace.[11]

---

[10]Applying the same rationale, a 1942 opinion concluded that a justice of the peace acting as local registrar was permitted to collect and retain fees for performing unofficial services not "enjoined or required by statute" for which no fee was fixed by statute. *See* Tex. Att'y Gen. Op. No. O-4636 (1942) at 5.

[11]This opinion addresses section 154.005(a) of the Local Government Code to the extent it permits a justice of the peace to receive fees for issuing certified copies of birth and death certificates in addition to his or her annual salary; this opinion does not address any of the other fees governed by section 154.005. *See* TEX. GOV'T CODE ANN. § 311.032(c) (Vernon 1998) ("In a statute that does not contain a provision for severability or nonseverability, if any provision of the statute or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the statute that can be given effect without the invalid provision or application, and to this

(continued...)

## S U M M A R Y

         Section 154.005(a) of the Local Government Code violates article XVI, section 61 of the Texas Constitution to the extent it permits a justice of the peace to receive fees for issuing certified copies of birth and death certificates in addition to his or her annual salary. A justice of the peace must deposit such fees in the county treasury, and the fees may not be used to supplement the official's salary.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee

---

[11](...continued)
end the provisions of the statute are severable."). Moreover, other than concluding that a justice of the peace may not retain fees for issuing certified copies of birth and death certificates as compensation, we do not address how the county may use these fees after they are deposited in the county treasury. We do note, however, that section 191.022(f) of the Health and Safety Code governs the use of a portion of a fee collected for issuing a certified copy of a birth certificate, allocating "20 cents . . . to the registrar's administrative costs" and "$1.80 . . . to the comptroller for deposit in the work and family policies fund." TEX. HEALTH & SAFETY CODE ANN. § 191.022(f) (Vernon 2001).