

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 3, 2013

The Honorable Richard E. Glaser
Fannin County Criminal District Attorney
101 East Sam Rayburn Drive, Suite 301
Bonham, Texas 75418

Opinion No. GA-0997

Re: Whether a district attorney may, pursuant to section 41.005, Government Code, retain a commission on bond forfeiture collection (RQ-1090-GA)

Dear Mr. Glaser:

You ask several questions relating to whether a district attorney may retain a commission on money collected through bond forfeiture proceedings.[1] You tell us that your office "prosecutes all bond forfeiture cases arising in Fannin County, collects the forfeitures from cash bonds and sureties, as applicable, and deposits the proceeds with the appropriate officer" and that "[c]urrently, all forfeited amounts are deposited into the general fund of the county." Request Letter at 1.

You first ask whether section 41.005 of the Government Code authorizes you to retain a portion of the bond forfeiture funds your office collects as a commission. *Id.* Section 41.005 of the Government Code provides that a district attorney "may retain a commission from money collected for the state or a county" and that "after deducting the commissions provided by this section," the district attorney shall deposit the money collected into the state or county treasury. TEX. GOV'T CODE ANN. § 41.005(a)–(b) (West 2004). Money obtained through bond forfeiture proceedings constitutes "money collected for the state or a county" under section 41.005. *See* TEX. CODE CRIM. PROC. ANN. art. 103.004(a) (West 2006) (referring to forfeitures as "obligations recovered in the name of the state"). In addition, the word "'may' creates discretionary authority" for the district attorney to retain a commission if he so chooses. TEX. GOV'T CODE ANN. § 311.016(1) (West 2005). Thus, section 41.005 authorizes district attorneys to retain as a commission on behalf of the state a portion of money collected in bond forfeiture proceedings. We note that a district attorney has no personal claim to commissions collected under section 41.005. *See* TEX. CONST. art. XVI, § 61; *Banks v. State*, 362 S.W.2d 154, 155 (Tex. Civ. App.—Austin 1962, writ ref'd) (noting that after the enactment of article XVI, section 61, commissions paid to probate judges "constituted 'fees of office,' but to which the official had no personal claim").

---

[1]*See* Letter from Honorable Richard E. Glaser, Fannin Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 3, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Your second question is whether "such a commission is subject to the approval of the Commissioners Court." Request Letter at 1. As noted above, chapter 41 of the Government Code explicitly provides that the district attorney "may retain a commission from money collected for the state or a county." TEX. GOV'T CODE ANN. § 41.005(b) (West 2004). Thus, state law allows a commission to be retained if the district attorney chooses. *Id.* § 311.016(1) (West 2005) ("'may' creates discretionary authority"). The commission is directly authorized by statute and therefore does not require the approval of the commissioners court.

You next ask, "Into which county fund is such a commission properly deposited . . . ?" *Id.* Article XVI, section 61 of the Constitution directs that "*[a]ll fees earned* by district, county and precinct officers *shall be paid into the county treasury.*" TEX. CONST. art. XVI, § 61(d) (emphasis added). Section 41.005 of the Government Code states that a "district . . . attorney shall, after deducting the commissions provided by this section, pay the money into the treasury of the state or of the county to which it belongs." TEX. GOV'T CODE ANN. § 41.005(a) (West 2004). It is a fundamental principle of statutory construction that "the Legislature may not authorize an action that our Constitution prohibits." *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 381 (Tex. 2002). Thus, to the extent that language in section 41.005(a) were interpreted to authorize the withholding of a commission from the county treasury, such language would be void. Subsection 41.005(a) need not be interpreted to conflict with article XVI, section 61, however, because nothing in section 41.005(a) directs the district attorney to place commissions in an account other than the county treasury. Article XVI, section 61, of the Texas Constitution requires the district attorney to deposit the commission into the county treasury, and the district attorney has no discretion to do otherwise. TEX. CONST. art. XVI, § 61(d).

Section 41.005 does not specify any particular fund within the county treasury into which money collected on behalf of the state shall be deposited. *See* TEX. GOV'T CODE ANN. § 41.005 (West 2004). Generally, however, salaried officers "shall charge and collect . . . all . . . commissions . . . for official services performed" and "*shall dispose of the collected money* as provided by Subchapter B, Chapter 113." TEX. LOC. GOV'T CODE ANN. § 154.003 (West 2008) (emphasis added). Subchapter B, chapter 113 of the Local Government Code directs the officer to deposit the commission with the county treasurer, who in turn "shall deposit the money in the county depository in the proper fund to the credit of the person or department collecting the money." *Id.* § 113.021(a)–(b) (West Supp. 2012). Thus, the Local Government Code requires the commission to be deposited with the county treasurer, who is required to place the money in a fund to the credit of the district attorney's office, which is the department responsible for collecting the money.

Finally, you ask for what purpose a commission under section 41.005 may be used. Request Letter at 1. You note that commissions "are proceeds of actions initiated and prosecuted by the District Attorney's office" and suggest that it would "seem[] reasonable to use them in a manner comparable to the uses of other funds retained by the District Attorney; namely, for the official purposes of the [district attorney's] office." *Id.* at 2. The commissioners court generally controls county money and determines how to spend it through its annual budget process. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 111.001–.095 (West 2008 & Supp. 2012). In certain

instances, however, the Legislature has specified the use for county funds and provided that a specific county official shall administer particular funds. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 102.007(f) (West Supp. 2012) (establishing a special fund for hot check fees "to be administered by the county attorney, district attorney, or criminal district attorney" and noting that expenditures from it are "at the sole discretion of the attorney" for specified purposes). In this case, the Legislature has not specified that bond forfeiture commissions shall be used for the district attorney's office, nor has it determined that the district attorney is authorized to administer the fund into which they are placed. The fact that the Legislature has dedicated other funds, but not commissions, for the use and administration by the district attorney's office indicates that it did not intend to limit the funds in this manner. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 884–85 (Tex. 2000) (relying on the principle of statutory construction that the Legislature knows how to enact laws effectuating its intent). Therefore, the commissioners court generally determines how bond forfeiture commissions may be used, subject to any other legal restrictions on its authority.

## S U M M A R Y

Section 41.005 of the Government Code authorizes a district attorney to separate a portion of bond forfeiture collections as a commission without the approval of the commissioners court. By statute, the commission shall be deposited in the county treasury in a fund to the credit of the person or department collecting the money. The commissioners court generally determines how such commissions may be used, subject to any other legal restrictions on its authority.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee